**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK ALONZO HINES,

     Petitioner - Appellant,

vs.

MIKE ADDISON,

     Respondent - Appellee.

No. 04-6210
(D.C. No. 04-CV-342-F)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

     Petitioner-Appellant Patrick Alonzo Hines, an Oklahoma inmate appearing pro se, seeks a certificate of appealability ("COA") permitting him to appeal the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because we determine that Mr. Hines has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000), we deny a COA and dismiss this appeal.

     Mr. Hines pleaded guilty to two counts of first-degree rape on November 24, 1987, in Oklahoma district court and is currently serving two life sentences.

Subsequent to his incarceration, Mr. Hines apparently completed a residential sex offender treatment ("RSOT") program. In 2003, Mr. Hines applied for post-conviction relief in state court seeking resentencing to a "balanced suspended sentence" on the basis of his completion of the RSOT program. On January 14, 2004, the Oklahoma district court denied his application. The court held that Mr. Hines had failed to demonstrate an intervening change in law that would require resentencing and that matters related to parole eligibility were outside the court's jurisdiction. The district court's order was affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on February 26, 2004.

On March 19, 2004, Mr. Hines timely filed his federal habeas petition. Mr. Hines alleged that the Oklahoma courts violated his equal protection and due process rights under the Fourteenth Amendment to the Constitution. Mr. Hines also alleged that the Oklahoma courts failed to make proper findings of fact and conclusions of law in addressing factual issues in dispute in his application for post-conviction relief. Petition at 7. The federal district court referred Mr. Hines' petition to a magistrate judge, who issued a report and recommendation concluding that the petition should be denied. Over Mr. Hines' objection, the district court adopted the report and recommendation in its entirety. The district court subsequently denied Mr. Hines' request for a COA.

In his application for a COA before this court, as he did in his habeas

petition, Mr. Hines alleges that the Oklahoma courts and Department of Corrections violated his Equal Protection and Due Process rights by suspending portions of sentences of inmates convicted of child molestation or rape upon completion of the RSOT program while denying the same to inmates convicted of adult rape, African Americans, and others.[1]  Mr. Hines raised similar issues in an action under 42 U.S.C. § 1983 that was previously dismissed by this court.  Hines v. Jenks, No. 03-6298, 2004 WL 318721 (10th Cir. Feb. 20, 2004) (unpublished). Mr. Hines also seeks an evidentiary hearing before the district court to further support his allegations of disparate treatment.

We note at the outset that Mr. Hines' constitutional claims, although further embellished here, were first raised before the Oklahoma courts in his application for post-conviction relief.  Under the habeas statute, federal courts must defer to state court decisions on the merits unless the proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  While the state court

---

[1]Mr. Hines also appears to assert for the first time in his application for a COA that an Oklahoma judge's discretion to suspend an inmate's sentence after successful completion of the RSOT program runs afoul of the United States Supreme Court's recent decision in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004).  Blakely held unconstitutional a Washington statute that permitted a judge to *enhance* a criminal sentence without the defendant's admission or a jury finding of predicate culpability.  No such constitutional interest is implicated when a judge uses his discretion to *suspend* a criminal sentence.

adjudication must be on the merits, our deference extends to summary decisions that dispose of a petitioner's claim without fully articulating the court's reasoning. See Aycox v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir. 1999). Here, we believe the OCCA reached the merits of Mr. Hines' constitutional claims, and found them wanting. Our decision is premised on the fact that the court referenced Mr. Hines' disparate impact argument in its Order, although it summarily affirmed the Oklahoma district court's decision. Hines v. Oklahoma, No. PC 2004-0074, Order at 1 (Okla. Crim. App. Feb. 26, 2004) (unpublished). Although we believe this case might have been disposed of by deferring to the OCCA, after an "independent review of the record and pertinent federal law," Aycox, 196 F.3d at 1178, the district court chose to address the merits of Mr. Hines' petition.

For this court to grant a COA, Mr. Hines must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). When, as in this case, the district court has denied a claim on the merits, the petitioner must demonstrate "'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 336 (quoting Slack, 529 U.S. at 484). We do not believe that the district court's

determinations are fairly debatable.

Under equal protection analysis, sex offenders are not a suspect class,[2] Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992), nor is there a fundamental right at issue in this case. Thus, under a rational basis inquiry, Mr. Hines bears the burden of establishing that the distinction between himself and other inmates was not reasonably related to a legitimate state purpose. Templeman v. Gunter, 16 F.3d 367, 371 (10th Cir. 1994). Mr. Hines has not met this burden. His argument fails to acknowledge or confront the state's legitimate interest in regulating the release of convicted sex offenders and penological reasons that might undergird the state court's refusal to resentence in this case. Further, Mr. Hines has failed to identify an Oklahoma statute that mandates resentencing or creates a sufficient interest to trigger heightened Fourteenth Amendment scrutiny.

Finally, while the district court did not specifically address Mr. Hines' request for an evidentiary hearing in its Order, the record readily discloses that he

---

[2]We note that Mr. Hines includes "African Americans" in the purported class of sex offenders allegedly subject to disparate treatment. Discrimination based on race is inherently suspect. See Soskin v. Reinertson, 353 F.3d 1242, 1248 (10th Cir. 2004). However, construing the pro se petitioner's filings liberally, as we must, Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004), we do not find that Mr. Hines alleges discrimination based on race. Instead, fairly construed, the purported class relevant to our examination includes inmates convicted of raping adult victims.

is not entitled to such a hearing in a federal proceeding.  We review the denial of

an evidentiary hearing for abuse of discretion, <u>Vigil v. Zavaras</u>, 298 F.3d 935,

943 (10th Cir. 2002), and no such abuse is demonstrated here.

Accordingly, the application for a COA is DENIED and the appeal is

DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge