NOT DESIGNATED FOR PUBLICATION

No. 114,709

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JEREMY J. HOWARD a k a ALAN R. HOWARD, JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed May 20, 2016. Affirmed.

*Jeremy J. Howard*, appellant pro se.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., LEBEN, J., and HEBERT, S. J.

*Per Curiam*:  After serving prison sentences for indecent solicitation of a child, Jeremy J. Howard was committed to the custody of the Kansas Department of Social and Rehabilitation Services (now the Kansas Department for Children and Families [DCF]) as a sexually violent predator. *In re Care and Treatment of Howard*, No. 108,552, 2014 WL 113428, at *1 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. ___ (December 30, 2014). While there, he was convicted of two counts of attempted battery on a mental health employee and one count of criminal threat so was transferred to the Department of Corrections (DOC) to serve his sentences. 2014 WL 113428, at *1. After being released from the DOC, Howard was returned to treatment.

1

Howard then filed a K.S.A. 60-1501 petition alleging that he had been denied due process during his annual reviews from February 2005 to March 2008, and that his return to SVP treatment after having been released from the DOC was unlawful since a new mental evaluation had not been completed. Howard appeals the district court's summary dismissal of that habeas corpus petition. Finding no error, we affirm.

*Did the district court err by summarily dismissing Howard's K.S.A. 60-1501 petiton?*

Howard makes several claims of error which we address below. We consider only those issues which Howard has briefed and not those he has merely mentioned. See *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013).

### A. Standard of Review

A K.S.A. 60-1501 petition states a claim if the petitioner alleges "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Summary dismissal is proper "if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." 289 Kan. at 648-49. We review the summary dismissal of K.S.A. 60-1501 de novo. 289 Kan. at 649. To the extent that statutory interpretation is required, our review is unlimited. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

### B. Annual Reviews

Howard argues that his past annual reviews were improper because he was denied counsel and an independent examination. That argument is premised on his contention

the district court erred by relying on the register of actions report in making its determination. As Howard acknowledges, this report shows that his annual review hearings were timely held and that he was represented by counsel at them from 2003 to 2009, encompassing the time period Howard refers to in his petition. Nonetheless, Howard argues that the report does not show if he was afforded all his constitutional rights or if his counsel was effective.

Howard has brought this very claim before. In *In re Howard*, he alleged, among other matters, that "SRS deprived him of his due process rights in the annual review process from 2005 onward, *i.e.,* by 'refusing [him] a lawyer, independent evaluation, [and] probable cause hearing despite [his p]ro se motions/requests for such in 2005, 2006, and 2007.'" 2014 WL 113428, at *1. We found Howard's claim untimely because he had filed his petition more than a year after appellate jurisdiction had terminated but had not alleged manifest injustice. See 2014 WL 113428, at *3-4. Howard's circumstances have not changed. He did not appeal any of his reviews, thus appellate jurisdiction terminated 30 days after his last review. See 2014 WL 113428, at *3. Although Howard mentioned "manifest injustice" in his 60-1501 petition, he did not explain why manifest injustice exists or address the factors relevant to that conclusion. See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014) (providing the nonexhaustive list of factors a court uses to determine whether manifest injustice exists). Thus, Howard's K.S.A. 60-1501 petition regarding this claim was untimely, and the district court lacked jurisdiction to consider it. See 2014 WL 113428, at *3-4.

### C. Recommitment to Treatment

While in treatment, Howard was convicted of criminal offenses and was transferred to the DOC. *In re Howard*, 2014 WL 113428, at *1. After serving his sentences, he was returned to SVP treatment, and now claims that he was unlawfully recommitted.

3

We disagree. Kansas law requires a civilly committed person who has been released from the DOC after serving a criminal sentence to be returned to treatment:

> "If any person while committed to the custody of the secretary pursuant to the Kansas sexually violent predator act shall be taken into custody by any law enforcement officer as defined in K.S.A. 2015 Supp. 21-5111, and amendments thereto, pursuant to any parole revocation proceeding or any arrest or conviction for a criminal offense of any nature, upon the person's release from the custody of any law enforcement officer, the person shall be returned to the custody of the secretary for further treatment pursuant to the Kansas sexually violent predator act." K.S.A. 2015 Supp. 59-29a07(d).

Thus when the DOC released Howard, our law required that he be returned to DCF custody for continued treatment as a sexually violent predator.

Howard previously raised this issue in *In re Howard*. See 2014 WL 113428, at *4-5. The panel there found the issue unripe but noted that its resolution depended "upon a number of unknown circumstances, primarily, Howard's mental state upon his release from prison and SRS's compliance with statutory mandates upon his return to [treatment]." 2014 WL 113428, at *4. That language prompts Howard to argue that his mental state should have been evaluated before he was recommitted.

But the language on which Howard relies was dicta – something said in passing – and it is not controlling here because that comment was unnecessary to the court's decision. 2014 WL 113428, at *4-5. Nor do we read the panel's comment to require that a person's mental state must be evaluated before the person is recommitted to treatment. Such a requirement is unsupported by the statute which merely states that "the person shall be returned to the custody of the secretary for further treatment." K.S.A. 2015 Supp. 59-29a07(d). Thus the law does not favor Howard's argument.

4

The facts do not help him either. In February 2015, shortly after having been recommitted, Howard requested an annual review, which triggered an evaluation. The record shows that Howard's mental state was also evaluated sometime before December 24, 2014. Thus, Howard appears to have received timely evaluations.

We find no support for Howard's assertion that his recommitment to SVP treatment after his release from the DOC was erroneous and no support for his suggestion that it was necessary to start the SVP process over upon his release from the DOC, as though he had never been in that program.

*D. Appointment of Counsel*

Finally, Howard argues that the district court erred by not appointing counsel to represent him in his 60-1501 petition.

In *Merryfield v. State*, 44 Kan. App. 2d 817, 826, 241 P.3d 573 (2010), we concluded "that when the K.S.A. 60-1501 claims of a civilly committed sexual predator are not subject to summary dismissal, counsel must be appointed to represent the petitioner." But here, the district court summarily dismissed Howard's claims, and we have found no error in its doing so. Accordingly, Howard had no right to counsel. The district court did not err by summarily dismissing Howard's petition.

Affirmed.