(213 P.3d 1077)
No. 100,687

IN THE MATTER OF THE CARE AND TREATMENT OF
JIMMY W. MILES.

472

Opinion filed August 21, 2009.

*Jimmy W. Miles*, appellant pro se.

*Amory K. Lovin*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Steve Six*, attorney general, for appellee.

Before RULON, C.J., GREENE and LEBEN, JJ.

GREENE, J.: Jimmy W. Miles appeals the district court's denial of his request for appointment of a qualified expert to evaluate him in connection with the annual review of his status as a sexually violent predator. Concluding the district court failed to make ad-

equate findings to deny Miles an independent examination, and that Miles did not receive assistance of counsel required by statute, we reverse and remand for further proceedings. Due to this resolution, we need not address Miles' challenge to the constitutionality of the Sexually Violent Predator Act, but we note the importance of our rulings in order to avoid constitutional implications in the manner the Act has been applied to Miles.

### Factual and Procedural Background

Miles was involuntarily committed in December 2001 to the custody of the Secretary of the Kansas Department of Social and Rehabilitation Services (SRS) as a sexually violent predator by order of the district court after stipulating to the State's petition. He was admitted as a patient at Larned State Hospital, where he currently serves in the Sexual Predator Treatment Program (SPTP).

On January 24, 2008, Miles filed a pro se petition for discharge or transitional release, arguing that he had successfully completed treatment and that his current mental condition made him safe to be discharged from the SPTP or to be placed in transitional release. Miles requested that the district court appoint a professional person to examine him and to provide expert testimony in support of his petition.

On January 30, 2008, the district court summarily denied Miles' petition for discharge or transitional release. The court stated that whether to appoint an expert to examine Miles was within the court's discretion and that after thoroughly reviewing the matter, Miles' request to have an examiner appointed would be denied. The court also stated that Miles' condition had not so changed as to require a further hearing on the status of his condition. The next day, the district court entered its final decision on Miles' annual review, finding that Miles should remain in the custody of the Secretary for further care and treatment.

Miles appeals pro se from the denial of his request for the court to appoint an expert to perform an independent examination. We detail other salient facts within our analysis of Miles' arguments.

### Overview of Applicable Statutory Procedure

Each person committed as a sexually violent predator is entitled to have a current examination of his or her mental condition an-

nually. K.S.A. 2008 Supp. 59-29a08(a). At the outset, we note the importance of counsel to persons committed pursuant to the Act, including the annual review proceedings. K.S.A. 59-29a06(b) provides:

"*At all stages* of the proceedings under K.S.A. 59-29a01 *et seq.*, and amendments thereto, any person subject to K.S.A. 59-29a01 *et seq.*, and amendments thereto, shall be entitled to the assistance of counsel, and if the person is indigent, the court shall appoint counsel to assist such person." (Emphasis added.)

As reiterated within K.S.A. 2008 Supp. 59-29a08(a), the committed person has a right to have his or her attorney represent the person at the hearings in connection with annual review.

In connection with each such annual review, the institution provides an annual report of the person's condition (and recommendation), but the statute also permits the court in its discretion to appoint a qualified professional person for an independent examination of the person committed.

"The person may retain, or if the person is indigent and so requests the court *may* appoint a qualified professional person to examine such person, and such expert or professional person shall have access to all records concerning the person." (Emphasis added.) K.S.A. 2008 Supp. 59-29a08(a).

In conducting the annual review, this statute contemplates a hearing before the court that committed the person. If the court determines the person remains a sexually violent predator, this terminates the annual review process. If the court determines there is probable cause to believe "that the person's mental abnormality or personality disorder has so changed that the person is safe to be placed in transitional release," the court must then set a second hearing on this issue. K.S.A. 2008 Supp. 59-29a08(c)(1).

At the second hearing, the person committed has a right to have an independent evaluation by experts, and, if the person is indigent, the court "shall" appoint an expert. The statute also guarantees certain rights to the committed person at either of these hearings:

"At *either* hearing, the committed person shall be entitled to be present and entitled to the benefit of all constitutional protections that were afforded the person at the initial commitment proceeding. . . . [T]he committed person shall also have the right to have experts evaluate the person on the person's behalf and the court shall appoint an expert if the person is indigent and requests an ap-

pointment. The burden of proof at either hearing shall be upon the state to prove beyond a reasonable doubt that the committed person's mental abnormality or personality disorder remains such that the person is not safe to be placed in transitional release and if transitionally released is likely to engage in acts of sexual violence." (Emphasis added.) K.S.A. 2008 Supp. 59-29a08.

Where a committed person has previously filed a petition for release or discharge without SRS's approval, and relief has been denied on that petition, subsequent petitions from that person are subject to summary denial under K.S.A. 59-29a11(a). An unsuccessful petition in this regard reduces many of the rights of the committed person to a summary review, with a statutory mandate for the court to "endeavor whenever possible" to determine whether a subsequent petition is frivolous and deny a hearing. The statute provides in material part:

"[I]f a person has previously filed a petition for transitional release, conditional release or final discharge without the secretary of the department of social and rehabilitation services approval and the court determined either upon review of the petition or following a hearing, that the petitioner's petition was frivolous or that the petitioner's condition had not so changed that the person was safe to be at large, then the court shall deny the subsequent petition unless the petition contains facts upon which a court could find the condition of the petitioner had so changed that a hearing was warranted. Upon receipt of a first or subsequent petition from committed persons without the secretary's approval, *the court shall endeavor whenever possible to review the petition and determine if the petition is based upon frivolous grounds* and if so shall deny the petition without a hearing." (Emphasis added.)

In any event, K.S.A. 59-29a06 also seems to speak directly to the rights of the committed person to an independent evaluation. Subsection (b) of the statute provides in material part:

"Whenever any person is subjected to an examination under K.S.A. 59-29a01 *et seq.*, and amendments thereto, such person may retain experts or professional persons to perform an examination of such person's behalf. When the person wishes to be examined by a qualified expert or professional person of such person's own choice, such examiner shall be permitted to have reasonable access to the person for the purpose of such examination, as well as to all relevant medical and psychological records and reports. *In the case of a person who is indigent, the court, upon the person's request, shall determine whether the services are necessary* and reasonable compensation for such services. *If the court determines that the services are necessary and the expert or professional person's requested compensation for such services is reasonable, the court shall assist the person in ob-*

*taining an expert or professional person to perform an examination or participate in the trial on the person's behalf."* (Emphasis added.)

The rights guaranteed by the statutory scheme to the committed person are critical to the constitutionality of the entire statutory scheme. Our Supreme Court has held that the essential elements of due process were guaranteed by the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq.*, noting:

"These requirements are clearly satisfied by this Act, which provides for all necessary basic protections, including appointed counsel, a probable cause hearing, *appointment of qualified experts for examinations*, a jury trial requiring a unanimous decision, appeals, annual examinations, discharge petitions, hearings, and the strictest possible burden of proof on the State." (Emphasis added.) *In re Care & Treatment of Hay*, 263 Kan. 822, 831, 953 P.2d 666 (1998).

Against this statutory overview, we examine Miles' claim of error.

### Did the District Court Err in Denying Miles' Request for Appointment of an Expert to Conduct an Independent Evaluation of his Condition so that He May Present Evidence in Support of Release at his Annual Review Hearing?

Here, Miles argues that the district court erred in refusing to appoint an expert for an independent evaluation of his condition so that he could refute the annual report for 2008. Although he does not challenge the lack of representation for the proceedings in the district court or on appeal, we find it curious that he has acted pro se throughout these proceedings despite a district court finding that he "has appointed counsel."

### Additional salient facts

Our review of the record reveals that Miles petitioned for release or discharge in 2006, without the approval of SRS, but the district court appointed an expert for an independent evaluation of his condition. At a hearing in June 2007, wherein Miles was represented by counsel, the court reviewed the report of the independent expert and found that "the probable cause threshold level has not been met."

On January 24, 2008, Miles filed his pro se petition for discharge or transitional release in connection with his annual review process. His petition alleged in material part:

"Petitioner alleges he has successfully completed all prerequisite treatments and believes his current mental condition or personality disorder, which had previously rendered him unsafe to be at large, has sufficiently changed so that the likelihood of a relapse or recurrence of said mental condition or personality disorder which the Court found existed at the time of the initial commitment has lessened to such a degree that this Court could find that Petitioner is now safe to be discharged from treatment and/or in the alternative to Transitional Release.

"Petitioner alleges he is not now **'currently'** a person who is a danger to others or to himself as a result of his past mental condition or personality disorder within the provisions set forth under K.S.A. 59-29a01 *et seq.*

"Petitioner further alleges he is indigent and requests the Court to appoint a professional person to examine petitioner and provide expert testimony in support of this petition."

On January 25, 2008, staff counsel for SRS wrote to the clerk of the district court and enclosed the annual report and related documents for filing and presentation to the "Judge currently assigned." The annual report is highly confidential but reflected generally that Miles' participation in some aspects of the program had improved, there had been no major incidents, that he "follows rule and regulations and is never a behavior issue," and that he "is to be commended for his continued progress in treatment." The report concluded, however, that Miles continued to meet the definition of a sexually violent predator, and staff recommended that he not be placed in transitional release "at this time." Based on this report, the Secretary once again did not authorize filing a petition for release or discharge. The letter from staff counsel concluded:

"I also enclose a simple journal entry which the Court should feel free to use if the Judge wishes to do so to record the fact of the Court's review of Mr. Jimmy W. Miles' commitment. By whatever procedure the Judge conducts this review, I request that a certified copy of the Court's order with regard to Mr. Miles be returned to me for placement in Mr. Miles' file."

On January 30, 2008, the district court filed its order stating in material part:

"1. Petitioner has been appointed counsel, Michael Highland, who is still assigned to his case. The Petition at the case at bar was filed by the patient without assistance of counsel.

"2. That the patient requests that the court appoint Dr. William S. Logan to perform an evaluation. K.S.A. 59-29a08 states, 'The person may retain, or if the person is indigent and so requests, the court may appoint a qualified professional person to examine such person, and such expert or professional person shall have access to all records concerning the person.' The legislature having used the word 'may' leaves it to the court's discretion as to whether an examiner should be appointed. The court having thoroughly reviewed this matter, denies the patient's request to have an examiner appointed.

"3. That the Court has thoroughly reviewed this matter and does not find that the patient's condition has so changed as to require a hearing as to the status of his condition."

On January 31, 2008, the district court filed what appears to be the journal entry prepared by SRS staff counsel, and which provided that there were no appearances, but based on a review or the records and annual report, the court concluded that Miles should continue to be considered to be a sexually violent predator and should remain in the custody of SRS. Curiously, the journal entry erroneously reflected that "Mr. Miles has to this date filed no petition seeking his final discharge pursuant to KSA 59-29a08." Neither of the court orders reflect any discussion of Miles' allegations or the findings contained in the annual report.

Finally, we note that in apparent response to the court's order of January 30, Miles filed a pro se response stating in material part:

"The problem Petitioners are experiencing is with the attorneys appointed by the Court of Wyandotte County. These attorney's [sic] of record rarely, if ever, consult with their clients during the annual review period and almost never send any documentation as to any judgment or action taken in their case. Hence, the patient has no alternative but to file his own petition without the assistance of counsel. This has been an ongoing problem for many years now your honor. I believe the solution to this problem lies with this Court. May I respectfully suggest a resolution to this problem? For example, prior to the Court entering an order for continued treatment, perhaps the Court could require the attorney of record to file a written statement that he/she has in fact consulted with the patient, the manner in which such consultation took place during the annual review process and that he/she has fully explained to the patient the patient's right to a hearing as set forth under K.S.A. 59-29a08. . . . Generally speaking most of the Court

appointed attorneys either ignore or disregard our requests by letter and/or telephone asking them to include us personally during the annual review process."

## We consider Miles' argument that statutory procedures were not followed

On appeal, Miles' pro se brief argues that the procedure employed by the district court in his case was not in compliance with the statutory scheme and violated fundamental due process under the state and federal Constitutions. We construe liberally his pro se pleadings and his brief on appeal. See *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004).

Although summary disposition based on review of a subsequent petition for release or discharge may ultimately be warranted under these circumstances by K.S.A. 2008 Supp. 59-29a11, we are troubled by the absence of any basis for the district court's denial of relief to Miles. Without some expressed basis for the court's summary conclusion, we are unable to provide meaningful appellate review. It is a complete mystery what aspects of the evidence before the court supported the court's conclusion. We hold that in making a summary determination under K.S.A. 2008 Supp. 59-29a11, the district court must enter findings and conclusions sufficient to enable meaningful appellate review. Such findings and conclusions must, at a minimum reflect consideration of the evidence before the court, and the basis upon which relief is denied. Our holding is consistent with similar requirements placed upon district courts by statute or rule. See, *e.g.*, K.S.A. 60-252(a); Rule 183(j) (2008 Kan. Ct. R. Annot. 247); *State v. Hoge*, 283 Kan. 219, 150 P.3d 905 (2007) (extending the requirements of Rule 183[j] to motions to correct illegal sentence); *Wentland v. Uhlarik*, 37 Kan. App. 2d 734, 741, 159 P.3d 1035 (2007); *Harris v. State*, 31 Kan. App. 2d 237, 62 P.3d 672 (2003).

Moreover, we are troubled by the summary denial of an independent evaluation and the absence of any finding that an independent evaluation was not "necessary" as required by K.S.A. 59-29a06. This statute clearly provides that a finding must be made as to the necessity of the appointment of an expert for such independent evaluation. In the absence of such a finding, or reasons to

deny such an appointment, we have no alternative but to remand with directions for statutory compliance.

Additionally, the only explanation in the record for the absence of counsel throughout these proceedings is that provided by Miles, and his condemnation of the "ongoing problem" with court-appointed attorneys is not in keeping with the clear statutory requirement that counsel be provided "[a]t all stages of the proceedings." K.S.A. 59-29a06(b). When the district court is advised that appointed counsel for a committed person under K.S.A. 59-29a01 *et seq.* is not engaged, not responsive, or otherwise not active, the court is obligated to investigate or to appoint new counsel.

For all of these reasons, we must vacate the district court's order of January 30, 2008, and remand with directions as follows: (1) the court is ordered to appoint new and different counsel for Miles; (2) the court is to permit Miles to file an amended motion for transitional release or final discharge with assistance of counsel; (3) based upon that amended motion, the court is to determine whether an independent examination of Miles is "necessary" under K.S.A. 59-20a06; and (4) if and when such examination is completed, the court is to make all requisite findings and a determination under K.S.A. 59-29a11 whether a hearing is warranted, and, if so, to conduct such a hearing.

Based upon our vacatur and remand of the matter, we need not reach Miles' constitutional challenge to the entire statutory scheme, but we take this opportunity to note that the provisions of K.S.A. 59-29a11—if not reinforced by the remand directives ordered here—so dilute the due process protections found elsewhere in the Act as to reduce them to mere lip service. Once the committed person petitions unsuccessfully for release, any and all subsequent petitions during his or her lifetime are treated quite differently, and his or her rights to representation, an independent evaluation, and a hearing, are mitigated if not extinguished. We express these views only to reinforce the importance of the protections granted Miles by this opinion and to avoid any further challenges that the statutory scheme may be unconstitutional as applied.

We understand the strong public interest in protecting our citizenry from sexual predators, but that interest must be protected with due respect for the rights of the committed person to demonstrate when and if rehabilitation has been successful.

Reversed and remanded with directions.