No. 112,116

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the
Care and Treatment of
PAUL DALE ZISHKA

SYLLABUS BY THE COURT

1.

A person who is or may be involuntarily committed under the Kansas Sexually Violent Predator Act has the right to be represented by an attorney at all stages of the proceedings. This includes the annual review hearing for those who have been committed to the program for treatment.

2.

The district court's annual review of the status of a person involuntarily committed under the Kansas Sexually Violent Predator Act must take place at a hearing for which proper notice is provided.

3.

In this case, the district court reviewed the papers associated with its annual review without holding a properly noticed hearing or appointing counsel to represent the committed person, who had requested the appointment of counsel. By doing so, the district court violated the person's rights.

Appeal from Johnson District Court; JAMES FRANKLIN DAVIS, judge. Opinion filed March 6, 2015. Reversed and remanded with directions.

*Paul Dale Zishka*, appellant pro se.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., ARNOLD-BURGER, J., and BUKATY, S.J.

LEBEN, J.: Paul Dale Zishka appeals the district court's decision at his annual review hearing to maintain his status in treatment in the Sexual Predator Treatment Program. On appeal, Zishka argues that the district court violated his rights when it failed to hold a hearing and failed to appoint an attorney to represent him. We agree.

Persons involuntarily committed as sexually violent predators are entitled to an annual review hearing at which they are represented by counsel. Here, the district court gave no hearing notice and simply signed a proposed order—submitted by the State— finding that Zishka should remain in the treatment program. In addition, although Zishka twice asked in writing to have counsel appointed to represent him, the district court did not do so. We therefore reverse the district court and remand to hold Zishka's review hearing after appointing counsel to represent him.

With that summary, let's review Zishka's appeal in greater detail. In 2008, Zishka was involuntarily committed as a sexually violent predator under the Kansas Sexually Violent Predator Act (the Act), K.S.A. 59-29a01 *et seq*. Since that time, he has been in state custody at the Larned State Hospital. He must remain in state custody until he makes sufficient progress in treatment that he qualifies for transitional release and, potentially, final discharge from the Sexual Predator Treatment Program. See *In re Burch*, 296 Kan. 215, 219-20, 291 P.3d 78 (2012).

Persons committed under the Act must receive an annual review of their status at a court hearing. Before that hearing, the Secretary of the Kansas Department for Aging and

Disability Services, who formally has custody of those committed, must provide a written notice of the person's right to petition the court for release over the Secretary's objection. The Secretary also must forward to the district court that committed the person an annual report regarding the person's mental condition, as well as the notice given to the committed person. K.S.A. 2014 Supp. 59-29a08(a).

The events leading to this appeal relate to Zishka's 2014 annual review. In April 2014, Keri Applequist, a master's-level psychologist and licensed clinical therapist, issued the required report of Zishka's mental condition. She concluded that Zishka's mental abnormality or personality disorder had "not so changed that it would be safe for Mr. Zishka to be placed in Transitional Release at this time."

The Secretary notified Zishka that the Secretary had reviewed the annual report, that he had concluded it would not be safe to release Zishka at this time, and that Zishka had the right to petition the court for release over the Secretary's objection. The notice also provided that Zishka could "waive further court proceedings at this time and . . . continue in treatment." The form provided two spots where Zishka could sign—one was a mere acknowledgement (of his rights and receipt of the Secretary's notice) while the other waived his right to his annual review hearing. Zishka signed the acknowledgement.

Knowing that his annual review was coming up, Zishka had already sent the district court a notice requesting "to have counsel re-appointed to represent him during all stages of his annual review" and to have an expert appointed to examine him. That notice was filed with the district court on April 3, 2014. After receiving the Secretary's notice and the annual report prepared by Applequist, Zishka sent a further motion to the court seeking appointed counsel for his annual review hearing. That notice was filed with the district court on May 27, 2014.

Several things should have happened at this point.

3

First, the district court should have appointed counsel to represent Zishka in connection with the annual hearing. K.S.A. 2014 Supp. 59-29a08(a) clearly provides that "[t]he committed person shall have a right to have an attorney represent the person at the hearing . . . ." That statute adds that "the [committed] person is not entitled to be present at the hearing," which makes the appointment of counsel even more critical. The Kansas Supreme Court has noted that the committed person has the right to attorney representation at this hearing even though the committed person is not entitled to be brought from Larned to the district court for the hearing. *Burch*, 296 Kan. 215, Syl. ¶ 5. The specific right to have an attorney at the annual review hearing is consistent with another provision of the Act, which provides the right to be represented by an attorney "[a]t all stages of the proceedings" under the Act. K.S.A. 2014 Supp. 59-29a06(b); see also *In re Care & Treatment of Ontiberos*, 295 Kan. 10, 24-25, 287 P.3d 855 (2012) (finding due-process right to effective counsel at commitment proceeding under the Act).

Second, the district court should have considered appointing a suitable person to conduct an independent examination of Zishka. K.S.A. 2014 Supp. 59-29a08(a) provides that "the court may appoint a qualified professional person to examine" a committed person if the person is indigent and makes that request. The district court has found that Zishka is indigent, but its order gives no indication that it even considered appointing a suitable professional to evaluate Zishka. This is quite important because in the absence of a recommendation from the Secretary to move Zishka into transitional release, he can only get a hearing toward making that move if the court first determines that "probable cause exists to believe that the person's mental abnormality or personality disorder has so changed that the person is safe to be placed in transitional release . . . ." K.S.A. 2014 Supp. 59-29a08(c)(1); see *Burch*, 296 Kan. 215, Syl. ¶ 7. To show probable cause, Zishka would need an expert's opinion.

4

Third, the district court should have provided notice of its annual review hearing. Where a person's liberty is restrained (clearly the case for an involuntarily committed person like Zishka), due process requires notice and an opportunity to be heard that is appropriate for the case. *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985); *State v. Wade*, 284 Kan. 527, 541, 161 P.3d 704 (2007); *In re Care & Treatment of Hay*, 263 Kan. 822, Syl. ¶ 4, 953 P.2d 666 (1998). Moreover, K.S.A. 2014 Supp. 60-206(c) requires that the court provide at least 7 days' notice for court hearings unless it sets a different time. Here, the district court gave no advance notice before it filed a signed journal entry, prepared by the State, keeping Zishka in treatment with no change to transitional release. The district court cannot simply review the papers and sign the State's proposed order. It must hold the annual review hearing called for by statute.

That statute, K.S.A. 2014 Supp. 59-29a08, makes several references to a hearing. After saying that the district court "shall . . . conduct an annual review of the status of the committed person's mental condition," K.S.A. 2014 Supp. 59-29a08(a) twice references a *hearing*: "The committed person shall have a right to have an attorney represent the person at the *hearing* but the person is not entitled to be present at the *hearing*." (Emphasis added.) The statute continues by saying that "[i]f the court *at the hearing* determines that probable cause exists to believe that the person's mental abnormality or personality disorder has so changed that the person is safe to be placed in transitional release," then the court must set another hearing to consider that issue. (Emphasis added.) K.S.A. 2014 Supp. 59-29a08(c)(1); see *Burch*, 296 Kan. 215, Syl. ¶ 7; *In re Miles*, 42 Kan. App. 2d 471, 474, 213 P.3d 1077 (2009) ("[T]he committed person has a right to have his or her attorney represent the person at the hearings in connection with annual review.").

The Kansas Sexually Violent Predator Act serves important objectives by protecting the public from, and providing treatment to, sexually violent offenders. But all

5

parties involved in the process, including the district court, must make sure that the procedural rights of those who are involuntarily committed are fully respected. We have emphasized in other cases that the constitutionality of the Act depends on these procedural rights. *E.g.*, *In re Care & Treatment of Twilleger*, 46 Kan. App. 2d 302, 315, 263 P.3d 199 (2011) (Greene, C.J., concurring); *Merryfield v. State*, 44 Kan. App. 2d 817, 818, 825, 241 P.3d 573 (2010); *Miles*, 42 Kan. App. 2d at 476. Indeed, Justice Anthony Kennedy, who joined in the United States Supreme Court's 5-to-4 decision upholding the constitutionality of the Act, emphasized the law's "protections, including yearly review and review at any time at the instance of the person confined." *Kansas v. Hendricks*, 521 U.S. 346, 372, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997) (Kennedy, J., concurring).

Although Zishka raised a number of issues on appeal, we find it sufficient to rule only on his objection that the district court "erred when it denied [his] right to a hearing and the right to be appointed counsel." Review of any other issues should wait until counsel has been appointed to represent Zishka and the district court has held its annual review hearing.

The district court's judgment is reversed, and this case is remanded with directions to appoint counsel for Zishka and to hold an annual review hearing.

6