NOT DESIGNATED FOR PUBLICATION

No. 115,622

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of:
WILLIAM NAPOLEON QUARY.

MEMORANDUM OPINION

Appeal from Cowley District Court; LADONNA L. LANNING, judge. Opinion filed December 2, 2016. Affirmed.

*Timothy A. Showalter*, of Arkansas City, for appellant.

*Bryan C. Clark*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., ATCHESON, J., and STUTZMAN, S.J.

*Per Curiam*: William Napoleon Quary, who has been committed for treatment as a sexually violent predator, appeals the ruling of the Cowley County District Court declining to appoint an independent psychological expert to evaluate him for purposes of disputing an annual report recommending his continued detention in the program at Larned State Hospital. We find no abuse of discretion in the district court's decision and, therefore, affirm.

The district court involuntarily committed Quary for treatment following a bench trial in 2013, as provided in the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01, *et seq*. This court affirmed Quary's commitment. *In re Care & Treatment of Quary*, 50 Kan. App. 2d 296, 312, 324 P.3d 331 (2014).

1

As required under the Act, the Kansas Department of Aging and Disability Services conducted annual reviews of Quary's commitment in 2014 and 2015 and submitted reports to the district court finding no substantial change in his condition and recommending his continued detention for treatment. K.S.A. 59-29a08(a). The district court appointed a lawyer to represent Quary at the annual review hearings held to determine if circumstances warranted Quary's transfer to transitional release. The lawyer requested that the district court appoint an independent expert to examine Quary in advance of the hearings. See K.S.A. 59-29a08(a). The district court declined to do so. Following the hearings, the district court ordered no change in Quary's custody. Quary has appealed from the adverse decision in the 2015 review hearing.

On appeal, Quary contends the district court erred in refusing to appoint an independent expert as part of the annual review process in 2015 and, therefore, deprived him of a fair hearing. As provided in K.S.A. 59-29a08(a), a district court may—but need not—grant a sexually violent predator's request for appointment of an independent expert at that stage. The decision rests within the district court's discretion and will be examined on appeal for an abuse of that discretion. See *In re Care and Treatment of Twilleger*, 46 Kan. App. 2d 302, 310, 263 P.3d 199 (2011); *In re Care and Treatment of Miles*, 42 Kan. App. 2d 471, 474, 213 P.3d 1077 (2009). If the annual review hearing yields probable cause to believe a sexually violent predator's condition has substantially changed and may warrant transitional release, the district court must then schedule a full evidentiary hearing. In preparation for an evidentiary hearing, the sexually violent predator is statutorily entitled to the services of an independent psychological expert. K.S.A. 59-29a08(c).

A district court may be said to have abused its discretion if the result it reaches is "arbitrary, fanciful, or unreasonable." *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). That is, no reasonable judicial officer would have come to the same conclusion if presented with the same record evidence. An abuse of discretion may also

2

occur if the district court fails to consider or to properly apply controlling legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court errs in that way when its decision "'goes outside the framework of or fails to properly consider statutory limitations or legal standards.'" 288 Kan. at 299 (quoting *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 [2007]). Finally, a district court may abuse its discretion if a factual predicate necessary for the challenged judicial decision lacks substantial support in the record. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (outlining all three bases for an abuse of discretion), *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Here, the district court accurately analyzed the factual record and applied the correct legal framework. The remaining consideration is whether the ruling was so far afield no reasonable judicial officer would have come to a like decision. We conclude not.

The district court considered that Quary had been thoroughly evaluated by two psychologists who testified for the State during the civil commitment trial in 2013. Each of them found Quary met the statutory criteria for commitment as a sexually violent predator. Quary offered no countering expert testimony in the trial. See *Quary*, 50 Kan. App. 2d at 299. At the time of the 2015 annual hearing, Quary had been in treatment for a little over a year. After starting the program, he was returned to prison for an extended period for a parole violation and received no treatment there. Although Quary apparently had been generally amenable to the program's therapeutic regimen, he progressed only to the second of seven treatment levels. Based on those circumstances, the district court's decisions against appointing an independent expert and finding no probable cause to warrant a full evidentiary hearing on whether Quary was a suitable candidate for transitional release are grounded in the record. In short, those calls were reasonable ones.

3

On appeal, Quary endeavors to wrap the issue in constitutional due process considerations. Quary obviously has a liberty interest arising from his detention as a sexually violent predator. And he is entitled to due process protections commensurate with the interest at stake. As outlined by the United States Supreme Court, constitutionally protected procedural due process requires that a person be afforded a right to be heard in a meaningful way before being deprived of "life, liberty, or property." U.S. Const. amend. XIV, § 1; *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' [Citation omitted.]"); *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (The Due Process Clause "at a minimum" requires that "deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."). The Kansas Supreme Court similarly defines due process rights. *State v. King*, 288 Kan. 333, 354, 204 P.3d 585 (2009); *Winston v. Kansas Dept. of SRS*, 274 Kan. 396, 409-10, 49 P.3d 1274 (2002). The essence of constitutional procedural due process is notification to an individual of the basis for pending government action impairing or extinguishing a protected property right or liberty interest and a meaningful opportunity to explain why that action would be improper or erroneous. *Memphis Light, Gas and Water Div. v. Craft*, 436 U.S. 1, 17-18, 98 S. Ct. 1554, 56 L. Ed. 2d 30 (1978); *Goldberg v. Kelly*, 397 U.S. 254, 267-68, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970); *Villa v. Kansas Health Policy Authority*, 296 Kan. 315, 331, 291 P.3d 1056 (2013) ("procedural due process . . . requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner").

Quary essentially argues due process requires that every sexually violent predator invariably be appointed an independent expert upon a request for an annual review hearing. In light of the facts here, we decline to adopt and apply such a rule for Quary. Given the unrebutted expert opinion offered only 2 years earlier that Quary was and likely would remain a sexually violent predator for some time and the lack of any

4

indication in the annual reports since that he had markedly advanced toward transitional release, we cannot say due process mandated the appointment of an independent expert for Quary to prevent a potentially erroneous deprivation of liberty. The likelihood of error in continuing Quary's detention for another year, when he would get another review, was minimal in light of the particular circumstances of this case. We do not, however, fashion a due process rule applicable to circumstances outside of those specifically presented here.

Having considered Quary's arguments on appeal, we conclude he has presented no basis for relief from the district court's rulings made in conjunction with the 2015 annual review process.

Affirmed.