NOT DESIGNATED FOR PUBLICATION

No. 116,691

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care & Treatment of MARK L. WILSON, a/k/a DAIMION ALLEN.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; KATHLEEN M. LYNCH, judge. Opinion filed June 2, 2017. Reversed and remanded with directions.

*Mark L. Wilson*, appellant pro se.

*Bryan C. Clark*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

*Per Curiam*: Individuals committed to Kansas' Sexually Violent Predator Treatment Program are entitled to an annual review hearing. Mark L. Wilson requested an annual review hearing and appointment of counsel for his hearing 28 days after receiving his annual review report. In a summary proceeding without presence of counsel, the district court held that Wilson had failed to initiate proceedings within 30 days of receiving the report. This is clearly erroneous, as Wilson filed his request for an annual review hearing 28 days after receipt of the report. Both the State and Wilson agree that his right to have such a hearing was violated. Accordingly, we reverse the district court's order and remand for the district court to conduct a hearing and provide Wilson's counsel the opportunity to be present.

1

In 2006, a district court found that Mark L. Wilson was a sexually violent predator as defined by K.S.A. 59-29a01 *et seq.* The court committed Wilson to the custody of the Secretary of the Department of Social and Rehabilitation Services (now the Kansas Department for Aging and Disability Services) "for control, care and treatment until such time as it is determined that he is safe to be at large." The Secretary is required to engage in an annual review of those committed under the Sexually Violent Predator Act and prepare a report with recommendations on whether the committed individual should be authorized to petition the court for his or her release. Committed individuals can petition the court over the objection of the Secretary.

The Secretary provided Wilson his most recent annual review report on July 21, 2016. The report did not recommend transitional release. The Secretary also gave Wilson his annual notice of his right to petition for release from treatment over the Secretary's objection. Wilson signed an acknowledgement stating that he received the annual notice of right to petition for release, but he chose not to waive his right to challenge the Secretary's decision. On August 18, 2016, Wilson filed a motion for appointment of counsel and requested placement in transitional release. The district court appointed counsel the next day. On August 22, 2016, the district court entered an order, without counsel present, holding:

> "3. That more than 30 days have expired since [Wilson's] acknowledgement and [Wilson] has not filed any proceedings.

> "4. Because no proceedings were initiated by [Wilson] and the only evidence before the court concludes that [Wilson] remains a predator, the Court hereby finds that [Wilson] remains a sexually violent predator pursuant to the Kansas Sexually Violent Predator Act."

2

Wilson appealed.

On January 17, 2017, the State filed a motion with the district court "requesting a hearing on Wilson's request for appointment of counsel, which included a request for placement in transitional release." This motion is not a part of the record, but was attached to the State's appellate brief.

ANALYSIS

The district court incorrectly stated that Wilson failed to file proceedings within 30 days of his acknowledgement of his right to initiate proceedings. In fact, Wilson's motion for appointment of counsel and his request to be placed in transitional housing was made 28 days after his acknowledgement. Both the State and Wilson agree that the district court's decision should be vacated and the case remanded for the district court to conduct an annual review hearing. The State has already requested such a hearing from the district court.

Wilson argues that he is "entitled to release from confinement as a Sexually Violent Predator" on the basis of the district court's violations. However, the appropriate remedy in this situation is to remand the case to district court to perform the annual review hearing. In similar case, *In re Care & Treatment of Zishka*, 51 Kan. App. 2d 242, 246, 343 P.3d 558 (2015), this court reversed the district court's judgment and remanded the case "with directions to appoint counsel for Zishka and to hold an annual review hearing." The same result is warranted here.Wilson also raises two civil procedure issues to argue that none of the documents that the Secretary served on him are legally binding. First, he argues that the Secretary failed to adhere to K.S.A. 2016 Supp. 60-205(b). K.S.A. 2016 Supp. 60-205(b) requires service to be made on a party's attorney, if the party is represented. Wilson argues that the Secretary violated K.S.A. 2016 Supp. 60-205(b) by personally serving Wilson with documents instead of serving the attorney

assigned to represent Wilson. However, the Secretary gave Wilson his annual review report on July 21, 2016. The district court did not appoint an attorney for Wilson until August 19, 2016. Thus, Wilson did not have an attorney at the time of service and the Secretary did not violate K.S.A. 2016 Supp. 60-205(b).

Second, Wilson argues that the documents are not legally binding on him because the Attorney General did not sign the documents before they were filed in violation of K.S.A. 2016 Supp. 60-211(a). This provision states that "[e]very pleading, written motion and other paper must be signed by at least one attorney of record in the attorney's name . . . ." K.S.A. 2016 Supp. 60-211(a). Wilson's brief does not make clear what "documents" to which he is referring. But, the only documents provided to Wilson were a copy of his annual report and the notice of his right to petition for release. The medical professionals who conducted Wilson's evaluation signed his annual report. The Interim Secretary of the Kansas Department for Aging and Disability Services signed the notice. Wilson does not cite any caselaw that suggests that K.S.A. 2016 Supp. 60-211(a) applies to either of these documents.

Clearly, the Code of Civil Procedure as outlined at K.S.A. 2016 Supp. 60-211(a) requires that documents filed with the court as part of a civil or criminal action be signed by an attorney. See K.S.A. 60-402 (rules of civil procedure apply to both civil and criminal cases). But the more specific statute referring to annual reports in Sexually Violent Predator Act cases, K.S.A. 2016 Supp. 59-29a08(a), requires that "[t]he secretary shall also forward the annual report, as well as the annual notice and waiver form, to the court that committed the person under the Kansas sexually violent predator act." Often agencies or professionals are required to send reports directly to the court, independent of the attorneys involved in the case. See K.S.A. 2016 Supp. 22-3302(3) (reports sent to court regarding competency to stand trial); K.S.A. 2016 Supp. 26-504 (filing of appraiser reports); K.S.A. 2016 Supp. 21-6813 (presentence investigation report prepared and filed by court services officer); K.S.A. 23-3509 (case manager reports). It is a common rule of

4

statutory construction that a specific statute controls over a general statute. *Sierra Club v. Moser*, 298 Kan. 22, 54, 310 P.3d 360 (2013).

Moreover, even if the rule applied it does not mean that the documents are not legally binding. The rule states that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." K.S.A. 2016 Supp. 60-211(a). Thus, if an attorney is required to sign the annual report or the notice, then the district court must bring that issue to the attorney's attention and give him or her an opportunity to sign the document. It has no bearing on the binding nature of the document itself.

Pursuant to both Wilson and the State's requests, the district court's judgment is reversed, and the case is remanded with directions to conduct an annual review hearing at which Wilson's attorney is present.

Reversed and remanded with directions.