NOT DESIGNATED FOR PUBLICATION

No. 116,370

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care & Treatment of TIMOTHY J. BURCH.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; CONSTANCE M. ALVEY, judge. Opinion filed June 2, 2017. Reversed and remanded with directions.

*Timothy J. Burch*, appellant pro se.

*Bryan C. Clark*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

*Per Curiam*: Every year, persons committed to Kansas' Sexually Violent Predator Treatment Program are entitled to an annual review hearing. K.S.A. 2016 Supp. 59-29a08(a). Timothy J. Burch appeals the district court's order regarding his 2016 annual review, arguing that the district court violated his statutory and constitutional rights. The district court did fail to provide Burch with 7 days' notice of the annual review hearing. However, the only remedy this court can provide is to remand the case to the district court to conduct another annual review hearing with instructions to comply with the applicable statutes.

FACTUAL AND PROCEDURAL HISTORY

In 2002, a district court found that Timothy J. Burch was a sexually violent predator (SVP) as defined by K.S.A. 59-29a01 *et seq.* Burch has remained in the Sexually

1

Violent Predator Treatment Program since then. Burch's 2016 annual review report showed that Burch was not attending treatment sessions or signing up for elective programs. Burch also failed to participate in the annual review. The report concluded that Burch remained an SVP.

The State gave Burch a copy of his annual review report on May 23, 2016. The State also gave Burch an "acknowledgement and/or waiver form" that informed him of his right to petition for release from treatment over the State's objection. Burch refused to sign the form. The report and form were filed with the district court and sent to Burch's attorney on June 3, 2016. Burch's attorney made a motion for leave to withdraw as counsel on June 13, 2016, citing deterioration in the attorney-client relationship. The disposition of that motion is not in the record. On July 15, 2016, the district court conducted Burch's annual review. The district court's order held "[t]hat more than 30 days have passed since respondent acknowledged his annual review and no pleadings have been filed" and "[t]hat the court reviews the annual review and finds that the respondent remains a sexually violent predator." There is no evidence in the order that either the State or Burch's attorney was present.

Burch appealed, arguing that the district court denied his right to have an annual review. The State disagreed with Burch, arguing that the district court appropriately conducted the annual review. However, "given the particular circumstances of this case, and in the interest of conserving the courts' and the parties' resources, the State agree[d] in this particular case to have an annual review hearing on Burch's 2016 annual report." The State filed its brief on February 2, 2017. The brief noted that the district court scheduled an annual review hearing on February 27, 2017. The State filed a motion for remand and a motion to stay further proceedings, arguing that the hearing could moot Burch's appeal. This court denied both of the State's motions because Burch was "not only requesting that he be given an annual review hearing, [Burch] also claims a

2

systematic abuse by the district court and asks that he be immediately placed on conditional release."

About 2 months after refusing to stay the case, this court issued a show-cause order to Burch asking why the scheduled annual review did not moot his appeal. Both Burch and the State filed responses to the show-cause order. The parties explained that while a hearing had occurred, the district court held that it was without jurisdiction to conduct Burch's 2016 annual review because the 2016 annual review was on appeal to this court. Burch next had a hearing scheduled for his annual review on May 11, 2017. We have not been advised whether the matter was taken up that day or not. The State asks this court to find that Burch's appeal is moot in light of the fact that he will likely have an annual review hearing before this court decides the issue.

ANALYSIS

Despite the complicated procedural history, the only issue on appeal is whether the district court failed to conduct Burch's statutorily required annual review. He argues that the district court violated his statutory and constitutional rights by failing to conduct an annual review. Burch acknowledges that the district court held an annual review hearing, but he states "at best it was an informal hearing with no one present."

When a district court finds that there is no probable cause to grant an SVP a full evidentiary hearing, this court employs an unlimited standard of review. *In re Care & Treatment of Burch*, 296 Kan. 215, 222-23, 291 P.3d 78 (2012). Whether a person's due process rights have been violated is also a question of law subject to unlimited review. *State v. Wade*, 284 Kan. 527, 534, 161 P.3d 704 (2007).

A key part of the Sexually Violent Predator Program "is an annual review by a judge to determine whether the individual's mental status remains such that he or she is

3

still a danger to society." *Griffin v. Bruffett*, 53 Kan. App. 2d 589, 590, 389 P.3d 992 (2017). As the State notes in its brief, Burch does not contest the findings of his annual review, he contests the procedures utilized in the review.

The annual review procedures are found in K.S.A. 2016 Supp. 59-29a08. First, the Secretary is required to conduct an annual examination of the SVP. K.S.A. 2016 Supp. 59-29a08(a). The Secretary must provide the SVP with annual written notice of the SVP's right to petition the court for release over the State's objection. K.S.A. 2016 Supp. 59-29a08(a). This notice must contain a waiver of rights. K.S.A. 2016 Supp. 59-29a08(a). The Secretary then sends the report and waiver form to the district court that committed the SVP. K.S.A. 2016 Supp. 59-29a08(a). The Secretary adhered to all of these procedures in Burch's 2016 annual review process.

After receiving the annual examination report, the district court must "conduct an annual review of the status of the committed person's mental condition." K.S.A. 2016 Supp. 59-29a08(a). Although K.S.A. 2016 Supp. 59-29a08(a) does not explicitly reference a hearing, "our Supreme Court has clarified that the district court's annual review of a committed individual's mental condition should occur during a hearing . . . ." *Piersee v. Bruffett*, No. 115,489, 2017 WL 543555, *2 (Kan. App. 2017) (unpublished opinion) (citing *In re Care & Treatment of Burch*, 296 Kan. at 200). The SVP is entitled to have counsel present at the hearing, although the SVP has no right to be present at the hearing. K.S.A. 2016 Supp. 59-29a08(a). The SVP "may retain, or if the person is indigent and so requests the court may appoint a qualified professional person to examine such person . . . ." K.S.A. 2016 Supp. 59-29a08(a). Finally, K.S.A. 2016 Supp. 60-206(c) requires the court to provide written notice of the hearing at least 7 days before it occurs. *In re Care & Treatment of Zishka*, 51 Kan. App. 2d 242, 245, 343 P.3d 558 (2015).

Here, the district court did conduct an annual review hearing, but there is no evidence that the court provided 7 days' notice of the hearing. In *In re Care & Treatment*

4

*of Zishka*, this court said: "Where a person's liberty is restrained (clearly the case for an involuntarily committed person like Zishka), due process requires notice and an opportunity to be heard that is appropriate for the case." 51 Kan. App. 2d at 245. Burch's due process rights were violated by the district court's failure to provide him with notice of the annual review hearing.

Burch also asserts that the district court violated his right to have counsel present at the hearing. Counsel for Burch did not appear at the annual review hearing. Burch's court-appointed attorney, Michael Nichols, filed a motion to withdraw as counsel on June 13, 2016—about a month before the district court conducted an annual review. Because the disposition of that motion is not in the record, it is unclear whether Burch was represented by counsel at the time of the hearing. However, Burch asserts that the district court had a duty to either appoint counsel for Burch or to ensure that Burch's counsel was actively representing his interests. Burch cites *In re Care & Treatment of Miles*, 42 Kan. App. 2d 471, 480, 213 P.3d 1077 (2009), for its discussion of the right to counsel. The *Miles* court said:

> "Additionally, the only explanation in the record for the absence of counsel throughout these proceedings is that provided by Miles, and his condemnation of the 'ongoing problem' with court-appointed attorneys in not keeping with the clear statutory requirement that counsel be provided '[a]t all stages of the proceedings.' K.S.A. 59-29a06(b). When the district court is advised that appointed counsel for a committed person under K.S.A. 59-29a01 *et seq.* is not engaged, not responsive, or otherwise not active, the court is obligated to investigate or to appoint new counsel." 42 Kan. App. 2d at 480.

The Court of Appeals issued the *Miles* decision in 2009. The Sexually Violent Predator Act has been amended since then, and SVPs no longer have a right to counsel at all stages of the proceedings. K.S.A. 59-29a06, the statute upon which the *Miles* court relied, has been amended. Now, K.S.A. 2016 Supp. 59-29a06 still contains a requirement

5

that counsel be provided to SVPs, but that requirement only applies to the initial determination that an individual is an SVP, not "[a]t all stages of the proceedings." Compare K.S.A. 2016 Supp. 59-29a06(b) with K.S.A. 59-29a06(b). The annual review statute, K.S.A. 2016 Supp. 59-29a08, does not require the district court to appoint counsel for Burch. K.S.A. 2016 Supp. 59-29a08(a) does state that Burch has "a right to have an attorney represent" him at the annual review hearing, but there is no evidence that Burch asserted that right.

*Remedy*

Burch argues that the violation of his due process rights entitles him to release from restraint. However, the only remedy for the district court's failure to follow the procedures is to remand Burch's case for an annual review hearing. See *In re Care & Treatment of Zishka*, 51 Kan. App. 2d at 246 (holding that the appropriate remedy when an SVP's procedural due process rights are violated is to remand for the district court to hold an annual review hearing).

The district court's judgment is reversed, and this case is remanded with directions to hold an annual review hearing in compliance with applicable statutes if one has not already been held.

Reversed and remanded with directions.