NOT DESIGNATED FOR PUBLICATION

No. 116,681

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of

WILLIE K. SMITH.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; KATHLEEN M. LYNCH, judge. Opinion filed July 7, 2017. Reversed and remanded with directions.

*Willie K. Smith*, appellant pro se.

*Bryan C. Clark*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

*Per Curiam*: Willie K. Smith is committed to the Kansas' Sexual Predator Treatment Program. Nine days after receiving his annual review report, Smith requested an annual review hearing, appointment of counsel, and independent physical and mental evaluations. In a summary proceeding without the presence of counsel, the district court held that Smith had failed to initiate proceedings within the statutorily mandated 30 days of receiving the annual review report.

The State candidly concedes that the district court erred. Upon our review, we agree with Smith and the State. We conclude the district court erred because Smith's request for an annual review hearing was clearly filed in a timely manner. Accordingly, the district court's order is reversed and the case is remanded to the district court with

1

directions to promptly appoint counsel, consider Smith's requests for independent physical and mental evaluations, and conduct an annual review hearing.

FACTUAL AND PROCEDURAL BACKGROUND

In 2007, a district court found that Smith was a sexually violent predator as defined by K.S.A. 59-29a01 *et seq.* The district court committed Smith to the custody of the Secretary of Social and Rehabilitation Services (currently the Kansas Department for Aging and Disability Services) "for control, care and treatment at an appropriate facility until such time as [Smith's] mental abnormality has so changed that [Smith] is safe to be at large." Kansas law provides that the Secretary is required to conduct an annual review of those individuals committed under the Kansas Sexually Violent Predator Act (KSVPA) and prepare a report with recommendations regarding whether the individual should be authorized to petition the court for release. Committed individuals may petition the district court over the objection of the Secretary.

The Secretary provided Smith with his most recent annual review report on August 2, 2016. The report did not recommend transitional release. The Secretary also gave Smith the annual notice of his right to petition for release from treatment over the Secretary's objection. Smith signed an acknowledgement that he received the annual notice of the right to petition for release, and he chose not to waive his right to challenge the Secretary's decision.

On August 11, 2016, Smith filed a petition for release over the Secretary's objection. In the petition, Smith alleged that he "had a stroke leaving him unable of [*sic*] performing sexual activity." He requested that the district court order appointment of counsel, a physical examination, and a mental evaluation.

On September 6, 2016, the district court entered an order, without the presence of counsel, holding:

"3. That more than 30 days have expired since [Smith's] acknowledgement and [Smith] has not filed any proceedings.

"4. Because no proceedings were initiated by [Smith] and the only evidence before the court concludes that [Smith] remains a predator, the Court hereby finds that [Smith] remains a sexually violent predator pursuant to the [KSVPA]."

Smith filed a timely appeal. On January 31, 2017, the State filed a motion with the district court "requesting a hearing on Smith's petition for release and requests for appointment of counsel and independent physical and mental evaluations."

ANALYSIS

The constitutionality of Kansas' Sexual Predator Treatment Program hinges on protecting the procedural rights of those who are involuntarily committed. *In re Care & Treatment of Zishka*, 51 Kan. App. 2d 242, 246, 343 P.3d 558 (2015). Annual review is one of these rights. K.S.A. 2016 Supp. 59-29a08(a) ("The court that committed the person under the [KSVPA] shall . . . conduct . . . an annual review of the status of the committed person's mental condition."). Committed individuals also have a right to have an attorney present at the annual review hearing, although the committed individual is not entitled to be present at the hearing. K.S.A. 2016 Supp. 59-29a08(a). If a person is indigent and makes a request, "the court may appoint a qualified professional person to examine such person." K.S.A. 2016 Supp. 59-29a08(a).

Although Smith petitioned for transitional release, appointment of counsel, independent physical and mental evaluations, the district court found that Smith failed to file proceedings within 30 days of his acknowledgement of his right to initiate those proceedings. This was a clearly erroneous finding. In fact, as acknowledged by the State,

3

Smith filed a petition for release and requests for appointment of counsel and independent physical and mental examinations only 9 days after his acknowledgement. Based on the district court's incorrect finding, the court did not hold an annual review hearing as Smith had requested and as Kansas law requires. Rather, the district court summarily ruled that Smith remained a sexual predator.

A similar situation arose in *In re Care & Treatment of Zishka*, 51 Kan. App. 2d 242. In that case, the Secretary sent Zishka the required annual report on his mental condition. The Secretary did not recommend Zishka for transitional release, but did inform Zishka of his right to petition the court for release over the Secretary's objection. Zishka chose to petition the district court and sought appointed counsel to represent him during the proceedings. Zishka also requested an expert examination.

In response to Zishka's requests, the district court "signed a journal entry, prepared by the State, keeping Zishka in treatment with no change to transitional release." 51 Kan. App. 2d at 245. Upon Zishka's appeal to our court, we reversed the district court's ruling for three reasons: (1) The district court did not appoint counsel to represent Zishka at the annual hearing; (2) the district court failed to consider appointing someone to conduct an expert examination; and (3) the district court did not provide notice of its annual review hearing. 51 Kan. App. 2d at 244-45. We concluded: "The district court cannot simply review the papers and sign the State's proposed order. It must hold the annual review hearing called for by statute." 51 Kan. App. 2d at 245. Here, similar to *Zishka*, the district court failed to implement the statutory safeguards that are afforded individuals committed to the sexual predator treatment program.

We hold the district court violated Smith's statutory rights to an annual review hearing and to have counsel present at the hearing. The district court also violated Smith's rights by failing to consider his request for mental and physical examinations.

What is the remedy? Smith contends our court should order his release from the program. But the State agues the case should be remanded to the district court to conduct an annual review hearing. In fact, the State has already requested such a hearing from the district court.

In *Zishka*, our court reversed the district court's judgment and remanded the case "with directions to appoint counsel for Zishka and to hold an annual review hearing." 51 Kan. App. 2d at 246. A similar result is warranted here. Accordingly, the district court's order is reversed and the case is remanded to the district court with directions to promptly appoint counsel, to consider Smith's requests for independent physical and mental evaluations, and to conduct an annual review hearing.

On a related matter, Smith also argues that the documents the Secretary provided are "invalid and must be stricken" because they were not signed by the Attorney General. He bases his argument on K.S.A. 2016 Supp. 60-211(a). This provision states that "[e]very pleading, written motion and other paper must be signed by at least one attorney of record in the attorney's name." K.S.A. 2016 Supp. 60-211(a). Smith's brief does not make clear what documents to which he is referring. But, the only documents provided to Smith were a copy of his annual report and the notice of his right to petition for release. The medical professionals who conducted Smith's evaluation signed his annual report. The Interim Secretary of the Kansas Department for Aging and Disability Services signed the notice.

Smith does not cite any caselaw that suggests K.S.A. 2016 Supp. 60-211(a) applies to either of these documents. The Code of Civil Procedure as outlined at K.S.A. 2016 Supp. 60-211(a) requires that documents filed with the court as part of a civil or criminal action be signed by an attorney. See K.S.A. 60-402 (rules of civil procedure apply to both civil and criminal cases). But the more specific statute referring to annual reports in KSVPA cases, K.S.A. 2016 Supp. 59-29a08(a), requires that "[t]he secretary

5

shall also forward the annual report, as well as the annual notice and waiver form, to the court that committed the person under the [KSVPA]."

Frequently, agencies or professionals are required to send reports directly to the court, independent of the attorneys involved in the case. See K.S.A. 2016 Supp. 26-504 (filing of appraiser reports); K.S.A. 2016 Supp. 23-3509 (case manager reports); K.S.A. 2016 Supp. 22-3302(3) (reports sent to court regarding competency to stand trial); K.S.A. 2016 Supp. 21-6813 (presentence investigation report prepared and filed by court services officer). It is a common rule of statutory construction that a specific statute controls over a general statute. *Sierra Club v. Moser*, 298 Kan. 22, 54, 310 P.3d 360 (2013). Accordingly, we find no error.

However, even if Smith is correct, it does not mean that the documents are not legally binding. The rule states that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." K.S.A. 2016 Supp. 60-211(a). Thus, on remand, if Smith reprises this complaint before the district court at the annual review hearing, the court shall provide the State's attorney an opportunity to sign any documents deemed necessary.

Reversed and remanded with directions.