Paul Arthur PEDERSEN,
Plaintiff–Appellant,

v.

Charles C. PLUMMER, Sheriff; Victor C. Smith, Deputy Sheriff; John Doe, Alameda County Jail Classification Official, Defendants–Appellees.

No. 03–15721.
D.C. No. C 02–2552 CRB (PR).

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 1, 2004.*

Decided Dec. 28, 2004.

Paul Arthur Pedersen, Atascadero, CA, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for submission without oral argument pursu-    ant to Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, NOONAN, and THOMAS, Circuit Judges.

## MEMORANDUM**

Plaintiff Paul Arthur Pedersen ("Pedersen") appeals from the district court's dismissal of his civil rights action against several Alameda County officials. He seeks damages for violations of his constitutional rights during four one- to two-month periods in 1997, 1999, 2000, and 2002, when Pedersen was housed among the general criminal inmate population at the Alameda County Jail while undergoing civil commitment proceedings pursuant to California's Sexually Violent Predator Act (SVPA). Pedersen alleges that he should have been housed at the acute psychiatric facility in the North County Jail, where he could receive treatment ordered by the court. Instead, he was assigned to the Santa Rita Facility, where he was housed with criminal inmates and was not provided treatment. According to Pedersen, defendant Plummer acted in knowing violation of the court order that required treatment for Pedersen.

Proceeding in forma pauperis, Pedersen filed this 42 U.S.C. § 1983 action claiming that the defendant officials violated his substantive due process rights by interrupting his treatment regimen, and violated his equal protection rights by treating him worse than other civilly committed individuals. Applying the relevant one-year statute of limitations, the district court held that Pedersen's claims relating to three of the periods were time-barred. With respect to the remaining period, the district court dismissed under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief could be granted. Pedersen timely appealed, and we have jurisdiction under 28 U.S.C. § 1291.

We hold that the district court erred in failing to apply equitable tolling to the statute of limitations, and we remand for consideration of the substantive due process claim. We affirm the district court's dismissal of the equal protection claim.[1]

■ Pedersen filed suit on May 28, 2002. Applying California's then-applicable one-year statute of limitations for personal injury actions, the district court concluded that Pedersen's claims relating to the dates in 1997, 1999, and 2000 were time-barred. The district court applied the correct statute of limitations, but erroneously failed to apply equitable tolling to Pedersen's claims. As we have recently held: "California's equitable tolling doctrine operates to toll a statute of limitations for a claim asserted by a continuously confined civil detainee who has pursued his claim in good faith." *Jones v. Blanas,* 393 F.3d 918 (9th Cir.2004).

■ The district court's dismissal of Pedersen's equal protection claim was nonetheless appropriate. Where a plaintiff does not allege that an instance of differential treatment "trammels a fundamental right" or "implicates a suspect classification," the challenged classification or action need only bear "some rational relation to a legitimate state interest." *Nelson v. City of Irvine,* 143 F.3d 1196, 1205 (9th Cir.1998). In this case, Pedersen has claimed neither that the alleged differential treatment implicated a suspect classification or fundamental right, nor that this

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The relief on the statute of limitations is irrelevant to this determination.

treatment lacked a rational basis. Therefore, he has not stated an equal protection claim.

Pedersen's other claim is that the Alameda County officials violated his substantive due process right to receive treatment by holding him for four one- to two-month periods in a facility where no treatment was available, despite the availability of treatment at another facility. The district court, having found claims as to three of the periods barred by the statute of limitations, considered only the denial of treatment during the 2002 dates. As the dismissal of the claims as to the earlier dates was inappropriate, we reverse the dismissal of the substantive due process claim and remand for reconsideration.

Civilly committed individuals have a constitutional right to "access to mental health treatment that gives them a realistic opportunity to be cured and released." *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir.2000). On remand, the district court must address whether Pedersen was denied this right when his treatment was interrupted for periods of varying lengths.

The district court was correct that analyzing the substantive due process rights of a civilly committed individual entails a balancing of the individual's liberty interest against the relevant state interests. *Youngberg v. Romeo*, 457 U.S. 307, 321, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). In this case, however, no balancing was done because the district court dismissed the action sua sponte under 28 U.S.C. § 1915 before the state had an opportunity to respond. If on remand—and, if necessary, after an opportunity to replead, *see Lopez v. Smith*, 203 F.3d 1122, 1127–28 (9th Cir. 2000) (en banc) (noting our court's long-standing policy favoring providing opportunities to amend pleadings)—Pedersen adequately alleges that defendants undermined his course of treatment by holding

him at the Alameda County Jail, the state must respond. The state's interests can then be balanced against Pedersen's liberty interests.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**