NOT DESIGNATED FOR PUBLICATION

No. 115,488

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DUSTIN J. MERRYFIELD,
*Appellant*,

v.

KARI BRUFFETT,
SECRETARY OF THE KANSAS DEPARTMENT ON AGING AND DISABILITY SERVICES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed February 10, 2017. Affirmed.

*Dustin J. Merryfield*, appellant pro se.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., ATCHESON and ARNOLD-BURGER, JJ.

*Per Curiam*:  Dustin J. Merryfield was committed to the Sexual Predator Treatment Program (SPTP) in December 2000. On December 9, 2014, his 2014 annual evaluation and notice were filed with the district court. As of June 5, 2015, the date Merryfield filed this petition for habeas corpus, the district court had not scheduled his annual review hearing despite the fact that he filed three separate motions between December 2014 and May 2015 requesting a timely hearing. Merryfield's petition alleged that the district court's failure to hold an annual review hearing for 2014 resulted in his unlawful confinement and sought immediate release from the program. The district court

1

summarily dismissed the petition. Merryfield now appeals. Because we find that Merryfield was given an annual review hearing within 1 year of his prior hearing and his constitutional claims fail, the district court was correct in summarily dismissing his petition.

FACTUAL AND PROCEDURAL HISTORY

Merryfield was determined to be a sexually violent predator (SVP) and was civilly committed to Larned State Hospital for treatment in the SPTP in December 2000. On November 3, 2014, as part of his 2013 annual evaluation, the court determined that no probable cause existed to believe that Merryfield's antisocial personality disorder had so changed that it was safe to advance him from phase three of the SPTP to transitional release. See *In re Merryfield*, No. 112,972, 2015 WL 4716349 (Kan. App.) (unpublished opinion), *rev. denied* 303 Kan. 1078 (2015). On December 9, 2014, his 2014 annual evaluation and notice of right to petition for release over the objection of the secretary or waiver of right form (notice) were filed with the district court. On December 23, 2014, Merryfield filed a motion with the district court requesting an annual review hearing on his 2014 evaluation. Neither the district court nor the State took any action in connection with the motion.

Having received no response regarding his December motion for an annual review hearing, Merryfield filed a "Motion for the court to Proceed in a Timely Fashion with the Annual Review" on March 12, 2015. Again, he received no response to the motion. Merryfield tried again to assert his right to a hearing on May 21, 2015, filing a "Request for Timely Proceeding." Unbeknownst to Merryfield as of the time he filed this petition for writ of habeas corpus, the State responded to the motion on June 1, 2015.

On June 5, 2015, Merryfield filed this petition arguing that the district court's failure to hold a prompt annual review hearing violated his constitutional right to

2

procedural due process. Merryfield contended that the district court's failure had resulted in his unlawful confinement. He requested immediate release from the SPTP as a remedy. On July 28, 2015, the court set the matter for an annual review hearing to be held on September 9, 2015.

The district court summarily dismissed Merryfield's petition on March 1, 2016. The district court found that Merryfield failed to establish shocking or intolerable conduct or continuing mistreatment of a constitutional stature because, at the time Merryfield filed the petition there was "no evidence before [the] Court that the review was in fact denied." This conclusion was based in part on the district court's determination that it was not bound to conduct Merryfield's annual review hearing by any firm time. Merryfield now appeals.

ANALYSIS

*The district court did not err when it summarily dismissed Merryfield's petition for writ of habeas corpus.*

Merryfield argues that the district court erred when it summarily dismissed his petition for writ of habeas corpus in which he alleged that he was being unlawfully confined and sought immediate release from Larned State Hospital. To state a claim for relief under K.S.A. 2014 Supp. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49. An appellate court exercises unlimited review of a summary dismissal. 289 Kan. at 649.

Merryfield makes a number of arguments in his appellate brief aimed at showing that the district court erred when it summarily dismissed his petition for habeas corpus. Each of the arguments will be considered below.

*The statute does not set out a specific time frame for annual reviews.*

Merryfield's first argument is that the district court erroneously concluded that the annual reviews of persons confined in the SPTP do not have to take place within any specific time frame. To this end, Merryfield contends: (1) K.S.A. 2014 Supp. 59-29a08 creates a time frame for annual reviews that courts must follow; (2) failure to hold timely annual reviews violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and, (3) current review practices violate sexually violent predator's equal protection rights by treating them differently than others who are involuntarily committed to mental health treatment facilities.

*The time limits set forth in K.S.A. 2014 Supp. 59-29a08 are directory, not mandatory.*

Merryfield argues that the language of K.S.A. 2014 Supp. 59-29a08 unambiguously requires district courts to review SPTP inmates' mental conditions yearly by the anniversary of their confinement. A plain reading of the statute seems to indicate that Merryfield is at least partially correct—K.S.A. 2014 Supp. 59-29a08(a) calls for a current examination followed by review hearing once every year. However, K.S.A. 2014 Supp. 59-29a08 must be read in the context of the Sexually Violent Predator Act (SVPA) as a whole. See *In re Care & Treatment of Hunt*, 32 Kan. App. 2d 344, 365, 82 P.3d 861 (2004) (relying on K.S.A. 2002 Supp. 59-29a01 to hold that the 60-day time limit contained in K.S.A. 2002 Supp. 59-29a06 did not impose a jurisdictional bar to cases brought outside the time limit because the timing element of the statute was directory, not mandatory). K.S.A. 59-29a01 clarifies: "Notwithstanding any other evidence of

4

legislative intent, it is hereby declared that any time requirements set forth in K.S.A. 59-29a01 *et seq.* . . . are intended to be directory and not mandatory."

To the extent that K.S.A. 2014 Supp. 59-29a08 establishes a time frame during which annual reviews should be held, failure to strictly abide by that timing does not violate the SVPA. See also *In re Hunt*, 32 Kan. App. 2d at 358 ("none of the time limits in the SVPA is intended now or ever was intended to be mandatory"). The statute requires that the court conduct an annual review of the status of the committed person's mental condition. Such an annual review was set for September 2015, which was less than a year from the prior annual review hearing and less than a year from the filing of the 2014 annual examination. Accordingly, K.S.A. 2014 Supp. 59-29a08 does not provide grounds on which Merryfield may obtain relief in this case.

### *Merryfield's due process rights were not violated.*

Merryfield next argues that failing to hold timely annual reviews violates inmates' due process rights. While he does not explicitly say that it is his right to procedural due process that is being violated, review of Merryfield's petition for habeas corpus indicates that it is the procedure with which his liberty is being constrained that he finds bothersome rather than the restriction of his liberty generally. He alleges that "[t]he provisions of K.S.A. [2014 Supp.] 59-29a08 are unconstitutional in that they do not provide proper Due Process by setting in place a system that ignores the Petitioner and does not require his participation in the review process."

The fundamental elements of procedural due process are notice and a meaningful opportunity to be heard by a fair tribunal in an orderly proceeding. *In re Care & Treatment of Hay*, 263 Kan. 822, 831, 953 P.2d 666 (1998). Merryfield contends that the delay in holding his 2014 annual review violated this right. In support of the argument, he cites to *In re Care & Treatment of Ellison*, 51 Kan. App. 2d 751, Syl. ¶ 2, 359 P.3d 1063

(2015), *rev. granted* 303 Kan. 1078 (2016), in which this court held that "[a] hearing ceases to be constitutionally meaningful it if is materially delayed and, thus, untimely." Additionally, this court has held that consideration of whether a delay in a civil proceeding was significant enough to amount to a due process violation should be guided by *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). *In re Ellison*, 51 Kan. App. 2d at 755. After briefing in this case, our Supreme Court, which had granted a petition for review in *Ellison*, entered its decision and found that the multifactor test used in *Barker* is the appropriate ad hoc approach to evaluate claims of undue delay in proceedings brought under the SVPA. *In re Care & Treatment of Ellison*, 305 Kan. ___, Syl. ¶ 2, 385 P.3d 15 (2016). *Ellison* involved a 4-year pretrial incarceration while awaiting an initial determination of whether Ellison met the definition of an SVP, not an annual review processes for a person who has already been adjudicated an SVP.

Assuming that the *Barker* analysis would also be appropriate in determining delays in annual review hearings for existing SVPs, we examine its application here. In *Barker*, the United States Supreme Court outlined the factors courts should consider when determining whether a criminal defendant's right to a speedy trial has been violated. The first factor, the length of the delay, is a triggering mechanism for the rest of the analysis. 407 U.S. at 530. "[T]he length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." 407 U.S. at 530-31.

On December 9, 2014, the results of Merryfield's annual evaluation and notice were filed with the district court. Merryfield filed a petition for an annual review hearing on December 23, 2014. The petition appears to have been largely ignored until July 28, 2015, at which time the district court scheduled the annual review hearing for September 9, 2015—9 months after the annual examination was filed. In *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 565, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983), the Supreme Court found that an

6

18-month delay in initiating forfeiture proceedings was "quite significant." *See also United States v. $23,407.69 in U.S. Currency*, 715 F.2d 162, 165-66 (5th Cir. 1983) (holding 13-month delay in foreclosure proceedings violated owner's due process rights and affirming dismissal of forfeiture action); *United States v. Strunk*, 467 F.2d 969, 972 (7th Cir. 1972) (holding that a 10-month delay between the filing of the charge and trial violated Strunk's right to a speedy trial where the case was a simple one), *rev'd on other grounds by Strunk v. United States*, 412 U.S. 434, 93 S. Ct. 2260, 37 L. Ed. 2d 56 (1973) (noting that the issue of timing was not before the Court). Here, the delay was shorter than in *Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency*, but the interest involved, Merryfield's physical liberty, is more significant so that a delay of any length is less tolerable. Nevertheless, because Merryfield had a probable cause hearing on November 3, 2014, in which the court determined that no probable cause existed to believe that Merryfield's antisocial personality disorder had so changed that it was safe to advance him from phase three of the SPTP to transitional release, another annual review hearing less than a year later, in September 2015, does not constitute a sufficient delay to trigger an examination of the remaining *Barker* factors, even if it was based on a 2014 evaluation which had been completed 9 months earlier. Accordingly, Merryfield's procedural due process rights were not violated.

> *Because sexually violent predators are different from other civilly committed persons Merryfield's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution were not violated.*

Merryfield argues that treating SVPs differently than other people who have been involuntarily committed to mental health hospitals violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Merryfield has previously made and this court has previously rejected this argument on more than one occasion, noting that "[t]he legislature has declared that sexually violent predators are

different from other civilly committed persons," and that Merryfield failed to meet his burden to establish that SVPs were similarly situated to other confined individuals. See *Merryfield v. State*, 44 Kan. App. 2d 817, 823, 241 P.3d 573 (2010); *Merryfield v. State*, No. 103,611, 2010 WL 5490743, at *1 (Kan. App. 2010) (unpublished opinion). Here too, Merryfield has failed to demonstrate why this court should find that there is no distinction between SVPs and other civilly committed individuals so that it is a violation of the Equal Protection Clause to treat the groups differently.

*The district court did not erroneously place the burden on Merryfield to prove that there has been no change in his condition.*

Merryfield next argues that, as written, the SVPA places the burden on the State to prove at each annual review that there has been no change and that the district court erroneously placed the burden on him. Merryfield seems to believe that this interpretation is necessitated by holdings of the United States Supreme Court and the Kansas Supreme Court as they have discussed the constitutionality of the SVPA and the due process to which SVPs are entitled.

Merryfield's interpretation is incorrect. K.S.A. 2014 Supp. 59-29a08 outlines the annual review process. The statue requires that each year a psychological evaluation be made of each committed individual. The result of the examination is to be filed with the district court that committed the individual along with a notice of rights signed by the individual.

Once the district court receives the evaluation and notice, it conducts a preliminary review hearing at which it determines whether the individual's mental status remains such that he or she is still a danger to society. The SVP is not entitled to be present at the hearing but may be represented by counsel. At the initial hearing the burden is on the SVP to present probable cause evidence that his or her mental or physical condition has

8

so changed that he or she is no longer a danger to others. *In re Care & Treatment of Burch*, 296 Kan. 215, 225, 291 P.3d 78 (2012). If he or she succeeds in making that showing, the district court must order a full hearing on the matter at which the SVP is entitled to be present with retained or court appointed counsel. K.S.A. 2014 Supp. 59-29a08(c). It is at that hearing that the burden shifts to the State to prove beyond a reasonable doubt that the SVP is not safe to be released. K.S.A. 2014 Supp. 59-29a08(c).

Our Supreme Court discussed this burden shifting scheme in detail in *In re Burch*, 296 Kan. 215. There, the court acknowledged that K.S.A. 2011 Supp. 59-29a08 was not clear regarding who bears the burden of proof at the initial annual review hearing but reasoned that since during the annual review it is the SVP who "seeks the affirmative of the issue . . . it is logical to require him to bear the burden to prove his petition." 296 Kan. at 225. The Supreme Court analogized this situation to a criminal case where the State bears the burden of making a probable cause showing before the district court allows it to go forward with a prosecution, and to the making of a motion where the movant bears the burden of proof. 296 Kan. at 224-25.

The one case that Merryfield cites that seems to contradict the *Burch* court's interpretation is *In re Care & Treatment of Sporn*, 289 Kan. 681, 215 P.3d 615 (2009). That case is inapplicable here as it dealt with the initial proceedings that are used to commit individuals to the SPTP. In that case, Merryfield is correct, the State does bear the burden of proving the need for commitment.

The district court did not err when it concluded that Merryfield bore the initial burden of proof at his annual review hearing.

*Because the petition was summarily dismissed, the district court did not err in failing to appoint counsel to represent Merryfield.*

Merryfield next argues that the district court erred when it failed to appoint counsel to represent him in this matter. At the same time, Merryfield recognizes that the right to counsel in a K.S.A. 2014 Supp. 60-1501 proceeding only attaches after the district court has determined that the petition cannot be summarily dismissed. Because the district court summarily dismissed Merryfield's petition, it was unnecessary for it to appoint counsel to represent Merryfield. *Merryfield*, 44 Kan. App. 2d at 818.

Affirmed.

\* \* \*

ATCHESON, J., concurring:  I concur in the result affirming the dismissal of Dustin J. Merryfield's petition for habeas corpus relief under K.S.A. 2014 Supp. 60-1501. Merryfield has failed to show any legal basis for the relief he seeks—his release from treatment and detention as a sexually violent predator. See K.S.A. 59-29a01 *et seq.*