NOT DESIGNATED FOR PUBLICATION

No. 117,818

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICHARD GRISSOM,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed April 27, 2018. Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL and BUSER, JJ.

PER CURIAM:  This is an appeal of the district court's denial of habeas corpus relief sought by a prisoner when it granted summary judgment to the Kansas Department of Corrections. To avoid summary dismissal of such a petition, the inmate must allege either shocking or intolerable conduct, or continuing mistreatment of a constitutional nature in his or her petition. Because the petitioner here failed to do so, we hold the district court correctly dismissed his petition.

1

Richard Grissom, an inmate at the Eldorado Correctional Facility, is serving life sentences for the murder of three women. See *State v. Grissom*, 251 Kan. 851, 840 P.2d 1142 (1992); Seeking relief in the district court, Grissom filed a habeas corpus petition under K.S.A. 60-1501 in the district court, challenging various conditions of his confinement at the Eldorado Correctional Facility.

*This case starts with the censorship of the inmate's mail.*

The allegations pertinent to this appeal were that:

- the Kansas Department of Corrections' policy requiring inmates to mail censored materials to the Secretary of Corrections for inspection on appeal from censorship, imposed an undue expense for the prisoner; and
- the Kansas Department of Corrections misapplied the one-box rule to food bought from the prison canteen.

The Department had censored several of Grissom's magazine subscriptions and books. These publications—Men's fitness, US Weekly, Inked: Hot Tattooed Summer Girls, Crazy Crow Trading Post, and Latina—were censored for a variety of reasons, including being sexually explicit material and posing a threat to the safety of the correctional facility.

Around the same time, Grissom filed a grievance with the Department, arguing that food from the prison canteen should not be subject to the prison's one-box rule—a regulation limiting inmates' personal possessions to one box. The Department denied Grissom's grievance, and the Secretary of Corrections denied his appeal.

Grissom filed a habeas corpus petition with the district court under K.S.A. 60-1501. The district court found that Grissom could not challenge the Department's

2

censorship appeal process because he had not first exhausted his administrative remedies. The court dismissed his one-box-rule claim because it was untimely.

In this appeal, Grissom argues that the district court erred by summarily dismissing his challenge to the Department's censorship appeal process based on his failure to exhaust administrative remedies. He does not dispute that he failed to exhaust administrative remedies—instead, he claims that he should not have to. In the second part of his appeal, Grissom argues that the court erred when it summarily dismissed as untimely his claim that food from the prison canteen should not be subject to the one-box limit on prisoners' personal property. In his view, the 30-day period to file an appeal should have been tolled in his case since he did not receive notice that his grievance was denied.

*We offer a quick review of habeas corpus law.*

Under K.S.A. 60-1501, any person confined in Kansas may seek a writ of habeas corpus in the county where they are confined, alleging that their conditions of confinement violate due process. *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Summary dismissal of a K.S.A. 60-1501 petition is appropriate if it plainly appears from the petition and any exhibits attached, that the inmate is not entitled to any relief in the district court. K.S.A. 60-1503(a). To state a claim for relief—and thus, avoid summary dismissal—the inmate must allege either (1) shocking or intolerable conduct; or (2) continuing mistreatment of a constitutional nature. *Johnson*, 289 Kan. 642, Syl. ¶ 2; *Merryfield v. State*, 44 Kan. App. 2d 817, Syl. ¶ 1, 241 P.3d 573 (2010). We review the summary dismissal of a habeas corpus petition independently, with no deference to the district court's decision. *Johnson*, 289 Kan. at 649.

3

*Grissom complains about postage expenses.*

Basically, Grissom contends that the Department's censorship appeal process places an undue financial burden on his First Amendment rights because he was required to mail all of the publications to the Secretary of Corrections in Topeka so they could be reviewed when his appeal was considered.

We note that K.A.R. 44-12-601(d)(1) (2017 Supp.) authorizes prisons to censor an inmate's mail, but only if the material:

- is a threat to institutional safety, order, or security;
- is a threat to the safety and security of public officials or the general public;
- is being used in furtherance of illegal activities; or
- is sexually explicit.

When an inmate's mail is censored, the inmate is given written notice of the censorship, the reason for the censorship, the name and address of the material's sender, and the date the item was received. K.A.R. 44-12-601(d)(2)(A), (B) (2017 Supp.).

The inmate then has 15 business days from the date of the censorship notice to protest the censorship to the Secretary of Corrections. K.A.R. 44-12-601(d)(2)(C), (D) (2017 Supp.). The Department's internal management policy and procedure (IMPP) 12-134A governs the censorship appeal process. Under this policy, an inmate must complete the appeal section of their censorship notification form and mail the appeal, along with the entire censored publication, to the Secretary of Corrections for review. The inmate is responsible for the cost of mailing the form and publication, although insolvent inmates may be issued credit for postage. IMPP 12-134A(V)(A)(1). The Secretary of Corrections then has 20 days to review the appeal and make a final decision, which is submitted to the inmate in writing. IMPP 12-134A(V)(B)(1).

4

Grissom had several of his incoming publications censored in 2016, but he did not appeal the censorships to the Secretary of Corrections in accordance with the above-cited internal management policy and procedure. Normally, an inmate in the custody of the Secretary of Corrections must exhaust all administrative remedies provided by the Secretary of Corrections before filing a civil lawsuit against the State of Kansas. K.S.A. 75-52,138. The inmate is responsible for filing proof that his administrative remedies have been exhausted. K.S.A. 75-52,138. That is why the district court dismissed Grissom's claim—there was no evidence that he exhausted his administrative remedies before filing his K.S.A. 60-1501 motion.

To us, Grissom argues that he should not have to exhaust his administrative remedies because the appeals process is too expensive. Grissom cites K.S.A. 77-608, which provides that a person may receive interlocutory review of a nonfinal agency action if "postponement of judicial review would result in an inadequate remedy or irreparable harm disproportionate to the public benefit derived from postponement." K.S.A. 77-608(b). Grissom claims that being required to mail the entire publication to the Secretary of Corrections would cause irreparable harm because the cost of postage "far exceeds" the cost of the publications themselves.

We are not persuaded by this argument because Grissom has failed to explain how the cost of postage causes him any irreparable harm. First, if Grissom is insolvent and cannot afford the postage, he will be credited for postage under IMPP 12-134A(V)(A)(1). Second, if Grissom can afford the postage, then the cost to him is not a burden beyond the normal and usual inconvenience associated with the appeals process warranting immediate judicial review. See *Friedman v. Kansas State Bd. of Healing Arts*, 287 Kan. 749, 785, 199 P.3d 781 (2009); *Williams Gas Pipelines Central, Inc. v. Kansas Corporation Comm'n*, 27 Kan. App. 2d 573, 580, 7 P.3d 311 (2000). Thus, the district court did not err by summarily dismissing Grissom's claim for failure to exhaust administrative remedies.

*His one-box claim does not merit a hearing.*

Even though the district court dismissed this claim as untimely, in our view, Grissom's one-box claim does not merit an evidentiary hearing. Therefore, he is not entitled to any relief. Inmates may only possess as many personal items as will fit in one standard-storage box. IMPP 12-120, Procedures, (III)(A). Grissom claimed that consumables bought at the prison canteen should not be subject to the one-box rule. He stated that over the past 26 years in prison, it was normal protocol for staff to separate consumable food items from other personal items, and to not count the consumables towards the one-box limit. He claims that the guards then made him throw away some of his food, "creating an atypical significant hardship and violating due process."

We must point out that to state a claim for relief and avoid summary judgment, Grissom had to allege either shocking or intolerable conduct or continuing mistreatment of a constitutional nature. *Johnson*, 289 Kan. 642, Syl. ¶ 2. Simply put, Grissom has not done so. The Secretary of Corrections has the authority to adopt rules and regulations regarding the prisons. See K.S.A. 2017 Supp. 75-5210(f); K.S.A. 2017 Supp. 75-5251. Under IMPP 12-120, prisoners must limit their personal possessions to one box. Requiring inmates to comply with the policy, even if prison officials did not enforce the rule in the past, does not rise to a level of shocking or intolerable conduct or constitutional mistreatment warranting an evidentiary hearing.

We affirm the district court's denial of relief.