NOT DESIGNATED FOR PUBLICATION

No. 119,224

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RHEUBEN JOHNSON,
*Appellant*,

v.

SAM CLINE, Warden, et al.,
*Appellees.*

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed June 21, 2019. Affirmed.

*Charles Joseph Osborn*, of Osborn Law Office, LLC, of Leavenworth, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, Lansing Correctional Facility, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM: Rheuben Johnson was administratively sanctioned with restrictions on his privileges for violating prison disciplinary regulations. He filed a petition with the Leavenworth County District Court for issuance of a writ under K.S.A. 60-1501, alleging his due process rights were violated and he had been deprived of liberty and property by the department of corrections. The district court summarily denied Johnson's petition and Johnson appealed. We find no error and affirm the district court's summary dismissal.

1

FACTS AND PROCEDURAL BACKGROUND

A prison employee filed a disciplinary report on Johnson alleging he violated regulations on October 10, 2017. The report said Johnson was sent to the health clinic after claiming he was sick, but when he arrived at the clinic, Johnson told two prison employees he was not actually sick but wanted additional clothing and the heat turned on because he was cold. The disciplinary report alleged violations of K.A.R. 44-12-320a, interfering with official duties, and K.A.R. 44-12-303, lying. At a hearing held on October 27, 2017, the reporting officer's testimony was consistent with the allegations in the report. Johnson denied the alleged violations. The hearing officer found Johnson guilty of lying but acquitted him of interfering with official duties, finding insufficient evidence to support that violation. The hearing officer sanctioned Johnson with a 30-day privilege restriction.

Additional disciplinary reports were filed on Johnson alleging two violations on October 11, 2017, the day following the charge for lying about being ill. Each of these reports cited Johnson for violating K.A.R. 44-12-1001 by bringing fraudulent claims for payment, one seeking $40 for a replacement lightbulb and the other claiming $60 in compensation for a replacement television remote control. At the hearings, Johnson made numerous motions and objections before admitting that he submitted the property claims as alleged. The hearing officer found it was more likely true than not that Johnson was guilty of the violations and sanctioned Johnson to 15 days of privilege restriction in each case.

Johnson appealed the three disciplinary sanctions to the Secretary of Corrections, who approved the penalties and found the procedures substantially complied with departmental and facility standards and that the hearing officer's decision was based on some evidence. Next, Johnson filed a petition with the district court seeking issuance of a writ of habeas corpus based on these disciplinary incidents and sanctions. The district

2

court summarily dismissed the petition, finding Johnson "has not pled, and the file does not indicate, any liberty interest that would trigger court review pursuant to K.S.A. 60-1501."

Johnson timely appeals. After filing his notice of appeal, Johnson filed a motion with the district court to reconsider the dismissal and assessment of costs. The district court denied the motion.

ANALYSIS

Johnson argues the district court's summary dismissal of his habeas corpus petition was error. K.S.A. 2018 Supp. 60-1501 allows any person "detained, confined, or restrained of liberty" in Kansas to petition a court for a writ of habeas corpus. "To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Summary dismissal is proper if, on the face of the petition, it can be established the petitioner is not entitled to relief, or if, from undisputed or incontrovertible facts it appears as a matter of law that no cause for granting a writ exists. Our review of a summary dismissal is unlimited. 289 Kan. at 648-49.

"The Fifth and Fourteenth Amendments to the United States Constitution protect an individual's due process rights and prohibit the deprivation of a significant life, liberty, or property interest." *State v. Turner*, 300 Kan. 662, 683, 333 P.3d 155 (2014). To decide whether there has been a denial of due process, we use a two-step analysis: We first determine whether the State deprived the person of life, liberty, or property. If so, we then determine whether the person received the extent and nature of the due process due under the circumstances. *Johnson*, 289 Kan. 642, Syl. ¶ 3; *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 (2005).

3

At the first step of the analysis, Johnson fails to show he has been deprived of a liberty or property interest. The only sanction he received from the disciplinary violations was a restriction of privileges, and a restriction of privileges is not a recognized liberty or property interest that results in a due process review by the district court. See *Bankes v. Simmons*, 265 Kan. 341, 351, 963 P.2d 412 (1998) (granting parole, spending limitations, regulation of visiting hours, withholding good time awards, and regulation of other daily activities not atypical and not posing significant hardship within a prison do not involve a liberty interest).

In his petition to the district court, Johnson pointed out that removing earned good time credits raises a liberty interest. And although Johnson is correct that inmates have a protected liberty interest in good time credits already earned, there is no evidence that he lost any earned good time credits because of these disciplinary violations. See *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505, 238 P.3d 328 (2010) (prisoner has no protected liberty interest in good time credits not yet earned or awarded). Johnson's petition tried to address that apparent deficiency, as he argued that "his good time was <u>anticipated</u> and/or <u>earned</u>-per-day," and that "prior years have caused [him] to anticipate the same 15% good time for every day of every 4 months of every year—good time was <u>earned</u> every day." In other words, Johnson proposes a theory that daily accrual *prior* to the actual, periodic, award of good time is the equivalent of "earned" good time.

Johnson is likely correct that his prospects for an award of good time at the next regular date were affected by his disciplinary violations. The regulation that governs awarding and withholding of good time credits for incarcerated offenders specifically includes "the inmate's disciplinary record" in the list of factors that "shall be considered in determining whether or not an inmate is awarded good time credits." K.A.R 44-6-115a(d)(5) (2017 Supp.). Johnson's argument essentially would declare that a day without a violation is a good time day put on the books—i.e. "earned"—a concept he fails to support with any authority other than his own reasoning. And his reasoning fails to

4

account for the other four particularized factors in the regulation's mandatory list, or the sixth general factor that requires consideration of "any other factors related to the inmate's general adjustment, performance, behavior, attitude, and overall demonstration of individual responsibility and accountability." K.A.R. 44-6-115a(d)(6) (2017 Supp.). Any of those other factors can affect the award of good time, even in the absence of a disciplinary violation. The sanctions imposed on Johnson did not order loss of earned good time and we are not persuaded by Johnson's theory of good time accrual as a basis for claiming a protected interest.

Even if Johnson did assert a valid liberty or property right, he did not allege conduct that meets our standard for shocking or intolerable conduct. The United States Supreme Court has said that for conduct to be considered shocking or intolerable, "the governmental actor's behavior must be 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)." *Merryfield v. State*, 44 Kan. App. 2d 817, 820, 241 P.3d 573 (2010). Johnson failed to support his allegations of shocking and intolerable conduct with facts in his petition. He complained of various evidentiary and procedural deficiencies that he claimed constituted shocking or intolerable conduct, but whether taken individually or collectively, they cannot reasonably be considered shocking or intolerable.

Johnson's allegations did not show deprivation of a liberty or property interest and would not support a finding of "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." On the face of his petition, Johnson was not entitled to relief. The district court was correct in its summary dismissal.

Affirmed.