NOT DESIGNATED FOR PUBLICATION

No. 126,156

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
NATHANAEL RYAN GREENE.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Submitted without oral argument.
Opinion filed November 22, 2023. Affirmed.

*Chris Biggs*, of Knopp and Biggs, P.A., of Manhattan, for appellant.

*Dwight R. Carswell*, deputy solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., GREEN and PICKERING, JJ.

PER CURIAM:  Nathanael Ryan Greene appeals the district court's denial of his motion to modify his treatment under his sexually violent predator program. The State argues that the district court had no authority to grant the motion. Because district courts lack the authority to direct medical treatment under the sexually violent predator program, we affirm the district court's denial.

FACTS

In 2013, the State of Kansas involuntarily committed Greene under the Kansas Sexually Violent Predator Act (SVPA), K.S.A. 59-29a01 et seq. During Greene's 2019 annual review, the parties stipulated that there was not probable cause to believe that there had been a significant change in Greene's mental condition to warrant his safe

1

placement in transitional release. The parties also stipulated to the appointment of Dr. Stephen Peterson to examine Greene so that he could make progress in SVP treatment.

Peterson's report addressed why Greene had not progressed from Tier One to Tier Two since beginning of treatment. Peterson's report laid out Greene's psychiatric presentation, his history, and findings including a diagnosis of attention deficit hyperactivity disorder (ADHD) and autism spectrum disorder. Peterson recommended changes to Greene's medications and treatment because of his ADHD and autism.

Greene moved the district court to order the Sexual Predator Treatment Program (SPTP) to adopt Peterson's recommendations. The State's response to the motion argued that the district court lacked authority to grant the requested relief. After a hearing, the district court held that it did not have authority to direct the SPTP on how to treat a committed person.

Greene timely appeals.

ANALYSIS

*Does a district court have the authority to direct care for sexually violent predators?*

Greene argues that treatment is a necessary component of his confinement. He contends that, without proper treatment available, he is being held unconstitutionally. He thus concludes that the district court must have the authority to order proper treatment. The State argues that the SVPA grants district courts specific and limited powers over a patient's progression through the SPTP.

The existence of statutory authority presents a legal question of statutory interpretation over which appellate courts have unlimited review. *State v. Betts*, 316 Kan.

191, 197, 514 P.3d 341 (2021); *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

Greene argues that he can only be held for treatment. He contends that the SPTP is not supposed to be punishment, but treatment. And if it is treatment, he argues, then professionals should be able to accommodate his disability so that he can move through the program. He references Peterson's report saying that he will not be able to progress through treatment. "Due to his Autism Spectrum Disorder and ADHD, in view of his pre-offense childhood sexual/physical abuse experiences, Mr. Greene will not be made to 'fit' into what the usual SPTP detainee requires for progression." He asserts that if treatment is unavailable or unattainable, then he is being held unconstitutionally without possibility of release or a right to habeas corpus action.

The SVPA provides the district court with some authority over a person's progress through SPTP. The district court receives annual reviews and holds evidentiary hearings to determine whether the committed person may be placed on transitional release. K.S.A. 2022 Supp. 59-29a08. While the person is on transitional release, the district court's annual review hearings determine whether the person is safe to move on to the next step—conditional release. K.S.A. 2022 Supp. 59-29a18. If the person is ready for conditional release, the SVPA allows the district court to finalize a treatment plan as follows: "[T]he court, based upon the recommendation of the treatment staff and progress review panel, shall establish a plan of treatment which the person shall be ordered to follow." K.S.A. 2022 Supp. 59-29a19(a).

But the SVPA also assigns authority to the Kansas Department for Aging and Disability Services (KDADS). The SVPA assigns to KDADS the "control, care and treatment" of a person found to be a sexually violent predator. K.S.A. 2022 Supp. 59-29a07(a). KDADS shall make a current examination of the committed person's mental condition once every year and shall forward that annual report to the court that committed

3

the person. K.S.A. 2022 Supp. 59-29a08(a). KDADS also evaluates the committed person's mental abnormality or personality disorder and, if it has significantly changed so that the person is not likely to repeat acts of sexual violence, then KDADS authorizes the person to petition the court for transitional release and later conditional release. K.S.A. 2022 Supp. 59-29a10(a)(1), (b)(1).

In short, the SVPA assigns specific roles to KDADS and to the district courts. Greene asked the district court to order a change in treatment, which is outside the scope of its authority under the SVPA. The district court correctly responded that "it does not have the authority to order SPTP to adopt the suggestions contained within the report by the independent examiner, as it is not the district court's responsibility, under the KSVPA, to direct treatment of the Respondent." On appeal, it is readily apparent that the district court was correct:

> "[T]he district court's responsibility under the SVPA is not to direct the treatment of committed persons. This court has repeatedly recognized in sexually violent predator cases that courts should defer to the judgment of mental health professionals on the treatment staff of the SPTP about which treatment methods are appropriate for a particular person." *In re Care and Treatment of Saiz*, 60 Kan. App. 178, 186-87, 492 P.3d 484 (2021) (citing *In re Care & Treatment of Twilleger*, 46 Kan. App. 2d 302, 309, 263 P.3d 199 [2011]; *Merryfield v. State*, 44 Kan. App. 2d 817, 821, 241 P.3d 573 [2010]).

Greene argues that, because his disabilities are not reasonably accommodated, he does not have the same opportunity for treatment as others and will remain a permanent resident within the treatment program. But his commitment is not contingent on whether treatment will be successful. "While we have upheld state civil commitment statutes that aim both to incapacitate and to treat, we have never held that the Constitution prevents a State from civilly detaining those for whom no treatment is available, but who nevertheless pose a danger to others." *Kansas v. Hendricks*, 521 U.S. 346, 366, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997). Also, Greene cites nothing in the SVPA which assigns

responsibility for the effectiveness of treatment to the district court. The district court does not have authority under the SVPA to direct care or ensure that care and treatment is effective. Because the district court lacks statutory authority to grant the requested relief, we affirm the district court's denial of Greene's motion.

Affirmed.